# EXHIBIT  A

# EXHIBIT  A

1    SEYFARTH SHAW LLP
     Andrew M. McNaught (SBN 209093)
2    E-mail: amcnaught@seyfarth.com
     Michael A. Wahlander (SBN 260781)
3    E-mail: mwahlander@seyfarth.com
     560 Mission Street, 31st Floor
4    San Francisco, California 94105
     Telephone: (415) 397-2823
5    Facsimile: (415) 397-8549

6    Attorneys for Defendant
     BAXTER HEALTHCARE CORPORATION

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10   KATE EVANS,                      )  Case No. 4:12-CV-04919-YGR
                                      )
11           Plaintiff,               )  **DEFENDANT'S REQUEST FOR**
                                      )  **PRODUCTION OF DOCUMENTS**
12       v.                           )  **AND/OR TANGIBLE THINGS TO**
                                      )  **PLAINTIFF - SET ONE**
13   BAXTER HEALTHCARE CORPORATION,   )
     and DOES 1 to 50, inclusive,     )
14                                    )
             Defendants.              )
15                                    )

16   **PROPOUNDING PARTY:**      Defendant Baxter Healthcare Corporation

17   **RESPONDING PARTY:**       Plaintiff Kate Evans

18   **SET NUMBER:**             One (1)

19          PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil

20   Procedure, Defendant Baxter Healthcare Corporation ("Defendant") hereby propounds the

21   following Request for Production of Documents and/or Tangible Things, Set One ("Requests"),

22   to Plaintiff Kate Evans ("Plaintiff"). Defendant requests that Plaintiff respond to the following

23   Requests and also produce responsive documents and/or tangible things to Defendant for

24   inspection and copying, within thirty (30) days from the date of service of these Requests as

25   required by the Federal Rule of Civil Procedure, Rule 34.

26                              **DEFINITIONS**

27          As used in these Requests, the following words have the following meanings. Please

28   refer to these definitions to assure a full and complete response.

                                        1

1.     The terms "YOU," "YOUR" and "PLAINTIFF" refer to plaintiff Kate Evans and all of her agents, representatives, attorneys, or any other person authorized to act on her behalf.

2.     The term "DEFENDANT" refers to defendant Baxter Healthcare Corporation.

3.     As used herein, "DOCUMENT" or "DOCUMENTS" shall mean "writing" as that term is defined in California Evidence Code Section 250, and shall include, without limitation, the original, or, if the original is not reasonably within the possession, custody and/or control of Plaintiff, a copy thereof.  "DOCUMENT" or "DOCUMENTS" shall include, but are not limited to, handwritten, typewritten, printed, photostatted, photographed, and/or recorded items such as, for example, letters, memoranda, e-mails, tapes, tape recordings, computer discs, telegrams, contracts, notes, books, financial statements, tax returns, drafts, records, maps, drawings, photographs, voice-mail records, transcripts of tape recordings, correspondence, telexes, telecopies, facsimiles, publications, agreements, insurance policies, papers, reports, calendars, diaries, statements, corporate minutes, ledgers, summaries, agendas, work orders, repair orders, bills, invoices, receipts, estimates, evaluations, personnel files, diplomas, certificates, instructions, manuals, bulletins, advertisements, periodicals, accounting records, checks, check stubs, check registers, canceled checks, money orders, negotiable instruments, data processing cards, and electronic, magnetic and digital media of any form (including any copies of all such DOCUMENTS where such copy contains any commentary, notation, mark or matter of any kind whatsoever that does not appear on the original).  If any DOCUMENT requested herein was, but no longer is, in YOUR possession, custody and/or control, then state what disposition was made of it in YOUR response.

4.     The term "COMPLAINT" shall mean the operative complaint in the action, filed on August 14, 2012 in the Superior Court of the State of California, County of Alameda, Case No. RG12643588, removed to the United States District Court, Northern District of California, now Case No. 4:12-CV-04919-YGR.

5.     The terms "CONCERNS" or "CONCERNING" include referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding,

2

1    discussing, showing, describing, mentioning, reflecting, analyzing, constituting, pertaining to

2    and/or comprising.

3         6.     The term "PERSON" refers to any individual, corporation, partnership, employer,

4    business organization, and/or governmental entity.

5    **INSTRUCTIONS**

6         1.     In producing DOCUMENTS and things, indicate the particular request to which a

7    produced DOCUMENT or thing is responsive.

8         2.     In producing DOCUMENTS and things, furnish ALL DOCUMENTS or things

9    known or available to YOU, regardless of whether such DOCUMENTS or things are possessed

10   directly by YOU or YOUR agents, employees, representatives, investigators or by YOUR

11   attorneys or their agents, employees, representatives or investigators.

12        3.     If any requested DOCUMENT or thing cannot be produced in full, produce to the

13   extent possible, specifying each reason for YOUR inability to produce the remainder and stating

14   whatever information, knowledge or belief YOU have CONCERNING the un-produced portion

15   and the expected dates on which full production can be completed.

16        4.     If any DOCUMENTS or things requested were in existence but are no longer in

17   existence, then so state, specifying for each DOCUMENT or thing:

18        a.     The type of DOCUMENT or thing;

19        b.     The type(s) of information contained therein;

20        c.     The date upon which it ceased to exist;

21        d.     The circumstances under which it ceased to exist; and

22        e.     The identity of all persons having knowledge or who had knowledge of the

23   contents thereof.

24        5.     These requests for production of DOCUMENTS and things are deemed to be

25   continuing.  If, after producing DOCUMENTS and things, YOU then obtain or become aware of

26   any further DOCUMENTS, things or information responsive to any of these requests, YOU are

27   required to produce to Defendant such additional DOCUMENTS and things, or to provide

28   Defendant with such additional information.

3

6.      File folders with tabs or labels identifying DOCUMENTS called for by these requests must be produced intact with such DOCUMENTS.

7.      DOCUMENTS attached to each other should not be separated.

8.      In lieu of producing originals or copies thereof responsive to these requests, YOU may, at YOUR option, submit legible photographic or other reproductions of such DOCUMENTS, provided that the originals or copies from which such reproductions were made are retained by YOU until the final disposition of this litigation.

9.      In the event that YOU seek to withhold any DOCUMENTS, things, or information on the basis that it is properly subject to some limitation of discovery, YOU shall supply Defendant with a list of the DOCUMENTS and things for which limitation of discovery is claimed, indicating:

a.      The name of each author, writer, sender or initiator of such DOCUMENT or thing, if any;

b.      The name of each recipient, addressee or party for whom such DOCUMENT or things was intended, if any;

c.      The date of such DOCUMENT, if any, or estimate thereof, and so indicated it is an estimate;

d.      The general subject matter as described on such DOCUMENT, or, if no such description appears, then such other description sufficient to identify said DOCUMENT;

e.      The claimed grounds for limitation of discovery (e.g. "attorney-client privilege" or "attorney-work product").

10.     YOU ARE HEREBY NOTIFIED that at the commencement of the trial of this case, Defendant will ask the Court for an Order precluding you from introducing any evidence relating to the subject matter of these requests which has not been disclosed by the responses and/or documents to these requests.

DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS, SET ONE
CASE NO. 4:12-CV-04919-YGR

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

Any employment contracts, employment agreements, or proposals of such offered to YOU by anyone or by any entity since YOUR employment with DEFENDANT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

All DOCUMENTS comprising or pertaining to all medical records relating to any physical or emotional injury YOU allege YOU experienced as a result of the conduct alleged in the COMPLAINT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

All medical records that support, refer, and/or relate to any treatment received by YOU for emotional distress (which includes stress, or any other mental, psychological or psychiatric condition), for a period of time commencing five (5) years before the present up to and including the date YOUR response to these requests.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

All correspondence or other communications that support, refer, and/or relate to any treatment received by YOU for emotional distress (which includes stress, or any other mental, psychological or psychiatric condition), for a period of time commencing five (5) years before the present up to and including the date YOUR response to these requests.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

All bills that support, refer, and/or relate to any treatment YOU received for emotional distress (which includes stress or any mental, psychological or psychiatric condition), for a period of time commencing five (5) years before the present up to and including the date YOUR response to these requests.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:**

All DOCUMENTS that support, refer, and/or relate to any other lawsuits, administrative charges, or any other complaints made by YOU, or made by others on YOUR behalf, related to YOUR employment with DEFENDANT including, but not limited to, deposition and hearing transcripts, opinions, orders, judgments, settlement and/or release agreements, and drafts thereof.

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
            )  ss
COUNTY OF SAN FRANCISCO  )

   I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On January 7, 2013, I served the within document(s):

   DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS TO PLAINTIFF - SET ONE

☐  I sent such document from facsimile machines (415) 397-8549 on January 7, 2013. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below..

Andrew H. Lee
Law Office of Andrew H. Lee
2021 The Alameda, Suite 310
San Jose, CA 95126

   I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 7, 2013, at San Francisco, California.

                _____
                Elisabeth L. Egan

14858377v.1

# EXHIBIT  B

EXHIBIT  B

1   SEYFARTH SHAW LLP
    Andrew M. McNaught (SBN 209093)
2   amcnaught@seyfarth.com
    Michael A. Wahlander (SBN 260781)
3   mwahlander@seyfarth.com
    560 Mission Street, 31st Floor
4   San Francisco, California  94105
    Telephone:    (415) 397-2823
5   Facsimile:    (415) 397-8549

6   Attorneys for Defendant
    BAXTER HEALTHCARE CORPORATION
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  KATE EVANS,                          Case No.  4:12-CV-04919-YGR

12              Plaintiff,               **SECOND AMENDED NOTICE OF
                                         VIDEOTAPED DEPOSITION OF
13        v.                             PLAINTIFF KATE EVANS AND
                                         REQUEST FOR PRODUCTION OF
14  BAXTER HEALTHCARE CORPORATION,       DOCUMENTS**
    and DOES 1 through 50, inclusive,
15
                Defendants.
16

17        **TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

18        PLEASE TAKE NOTICE that defendant BAXTER HEALTHCARE CORPORATION

19  will take the deposition of plaintiff KATE EVANS on **March 26 and 27, 2013**, commencing at

20  10:00 a.m. on each day at the Law Offices of Seyfarth Shaw LLP, 560 Mission Street, Suite 3100,

21  San Francisco, CA  94105, telephone: (415) 397-2823.

22        This deposition shall continue from day to day, thereafter, including weekends and

23  holidays, until the deposition is completed, and will be upon oral examination before a certified

24  court reporter, recorded stenographically, may be videotaped, and may include the instant visual

25  display for the testimony.

26  //

27  //

28

---

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS - CASE NO. 4:12-CV-04919-
YGR

// 

## REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE FURTHER NOTICE that Plaintiff is directed to bring to her deposition the documents in her custody, possession or control as described on Attachment 1 hereto.

DATED: February 20, 2013

SEYFARTH SHAW LLP

By: _____
    Andrew M. McNaught
    Michael A. Wahlander

Attorneys for Defendant
BAXTER HEALTHCARE CORPORATION

2

# ATTACHMENT 1

## DEFINITIONS

As used in these Requests, the following words have the following meanings.  Please refer to these definitions to assure a full and complete response.

1.      The terms "YOU," "YOUR" and "PLAINTIFF" refer to plaintiff Kate Evans and all of her agents, representatives, attorneys, or any other person authorized to act on her behalf.

2.      The term "DEFENDANT" refers to defendant Baxter Healthcare Corporation.

3.      As used herein, "DOCUMENT" or "DOCUMENTS" shall mean "writing" as that term is defined in California Evidence Code Section 250, and shall include, without limitation, the original, or, if the original is not reasonably within the possession, custody and/or control of Plaintiff, a copy thereof.  "DOCUMENT" or "DOCUMENTS" shall include, but are not limited to, handwritten, typewritten, printed, photostatted, photographed, and/or recorded items such as, for example, letters, memoranda, e-mails, tapes, tape recordings, computer discs, telegrams, contracts, notes, books, financial statements, tax returns, drafts, records, maps, drawings, photographs, voice-mail records, transcripts of tape recordings, correspondence, telexes, telecopies, facsimiles, publications, agreements, insurance policies, papers, reports, calendars, diaries, statements, corporate minutes, ledgers, summaries, agendas, work orders, repair orders, bills, invoices, receipts, estimates, evaluations, personnel files, diplomas, certificates, instructions, manuals, bulletins, advertisements, periodicals, accounting records, checks, check stubs, check registers, canceled checks, money orders, negotiable instruments, data processing cards, and electronic, magnetic and digital media of any form (including any copies of all such DOCUMENTS where such copy contains any commentary, notation, mark or matter of any kind whatsoever that does not appear on the original).  If any DOCUMENT requested herein was, but no longer is, in YOUR possession, custody and/or control, then state what disposition was made of it in YOUR response.

4.      The term "COMPLAINT" shall mean the operative complaint in the action, filed on August 14, 2012 in the Superior Court of the State of California, County of Alameda, Case

3

1    No. RG12643588, removed to the United States District Court, Northern District of California,

2    now Case No. 4:12-CV-04919-YGR.

3         5.    The terms "CONCERNS" or "CONCERNING" include referring to, alluding to,

4    responding to, relating to, connected with, commenting on, in respect of, about, regarding,

5    discussing, showing, describing, mentioning, reflecting, analyzing, constituting, pertaining to

6    and/or comprising.

7         6.    The term "PERSON" refers to any individual, corporation, partnership, employer,

8    business organization, and/or governmental entity.

## INSTRUCTIONS

9

10        1.    In producing DOCUMENTS and things, indicate the particular request to which a

11   produced DOCUMENT or thing is responsive.

12        2.    In producing DOCUMENTS and things, furnish ALL DOCUMENTS or things

13   known or available to YOU, regardless of whether such DOCUMENTS or things are possessed

14   directly by YOU or YOUR agents, employees, representatives, investigators or by YOUR

15   attorneys or their agents, employees, representatives or investigators.

16        3.    If any requested DOCUMENT or thing cannot be produced in full, produce to the

17   extent possible, specifying each reason for YOUR inability to produce the remainder and stating

18   whatever information, knowledge or belief YOU have CONCERNING the un-produced portion

19   and the expected dates on which full production can be completed.

20        4.    If any DOCUMENTS or things requested were in existence but are no longer in

21   existence, then so state, specifying for each DOCUMENT or thing:

22        a.    The type of DOCUMENT or thing;

23        b.    The type(s) of information contained therein;

24        c.    The date upon which it ceased to exist;

25        d.    The circumstances under which it ceased to exist; and

26        e.    The identity of all persons having knowledge or who had knowledge of the

27   contents thereof.

28

4

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS

1    5.      These requests for production of DOCUMENTS and things are deemed to be

2    continuing.  If, after producing DOCUMENTS and things, YOU then obtain or become aware of

3    any further DOCUMENTS, things or information responsive to any of these requests, YOU are

4    required to produce to Defendant such additional DOCUMENTS and things, or to provide

5    Defendant with such additional information.

6    6.      File folders with tabs or labels identifying DOCUMENTS called for by these

7    requests must be produced intact with such DOCUMENTS.

8    7.      DOCUMENTS attached to each other should not be separated.

9    8.      In lieu of producing originals or copies thereof responsive to these requests, YOU

10   may, at YOUR option, submit legible photographic or other reproductions of such

11   DOCUMENTS, provided that the originals or copies from which such reproductions were made

12   are retained by YOU until the final disposition of this litigation.

13   9.      In the event that YOU seek to withhold any DOCUMENTS, things, or information

14   on the basis that it is properly subject to some limitation of discovery, YOU shall supply

15   Defendant with a list of the DOCUMENTS and things for which limitation of discovery is

16   claimed, indicating:

17   a.      The name of each author, writer, sender or initiator of such DOCUMENT or thing,

18   if any;

19   b.      The name of each recipient, addressee or party for whom such DOCUMENT or

20   things was intended, if any;

21   c.      The date of such DOCUMENT, if any, or estimate thereof, and so indicated it is an

22   estimate;

23   d.      The general subject matter as described on such DOCUMENT, or, if no such

24   description appears, then such other description sufficient to identify said DOCUMENT;

25   e.      The claimed grounds for limitation of discovery (e.g. "attorney-client privilege" or

26   "attorney-work product").

27   10.     YOU ARE HEREBY NOTIFIED that at the commencement of the trial of this

28   case, Defendant will ask the Court for an Order precluding you from introducing any evidence

5

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS

1  relating to the subject matter of these requests which has not been disclosed by the responses

2  and/or documents to these requests.

3  **REQUESTS FOR PRODUCTION OF DOCUMENTS**

4  **DOCUMENT REQUEST NO. 1:**

5  All DOCUMENTS in YOUR possession, custody or control that YOU provided to any

6  employee, ex-employee, officer, or agent of DEFENDANT at any time.

7  **DOCUMENT REQUEST NO. 2:**

8  All DOCUMENTS in YOUR possession, custody or control that YOU received from any

9  employee, ex-employee, officer, or agent of DEFENDANT at any time.

10  **DOCUMENT REQUEST NO. 3:**

11  All notes and any other DOCUMENTS in YOUR possession, custody or control that

12  support or relate to YOUR claims as alleged in the COMPLAINT.

13  **DOCUMENT REQUEST NO. 4:**

14  All DOCUMENTS in YOUR possession, custody or control that constitute or refer to any

15  oral or written CORRESPONDENCE between YOU and any employee, ex-employee, officer, or

16  agent of DEFENDANT.

17  **DOCUMENT REQUEST NO. 5:**

18  All written or tape-recorded statements of any parties or witnesses to the allegations.

19  contained in the COMPLAINT.

20  **DOCUMENT REQUEST NO. 6:**

21  All DOCUMENTS that YOU have IDENTIFIED in YOUR responses to DEFENDANT'S

22  special interrogatories, served on YOU herewith.

23  **DOCUMENT REQUEST NO. 7:**

24  All DOCUMENTS supporting YOUR contention that DEFENDANT engaged in

25  disability discrimination in violation of California Government CODE § 12940(a) as alleged in

26  YOUR COMPLAINT.

27  **DOCUMENT REQUEST NO. 8:**

28  All DOCUMENTS supporting YOUR contention that DEFENDANT engaged race and

6

1  gender discrimination in violation of California Government Code § 12940(a) as alleged in

2  YOUR COMPLAINT.

3  **DOCUMENT REQUEST NO. 9:**

4      All DOCUMENTS supporting YOUR contention that YOU were "earning less than the

5  wage and wage rates paid to . . . Caucasians in the same or equal positions requiring equal skill,

6  effort, and responsibility, and which are performed under similar working conditions" as alleged

7  in Paragraph 26 of YOUR COMPLAINT.

8  **DOCUMENT REQUEST NO. 10:**

9      All DOCUMENTS supporting YOUR contention that DEFENDANT failed "to take all

10  reasonable steps necessary to prevent discrimination and harassment from occurring" in violation

11  of California Government Code § 12940(k) as alleged in YOUR COMPLAINT.

12  **DOCUMENT REQUEST NO. 11:**

13      All DOCUMENTS supporting YOUR contention that DEFENDANT failed "to engage in

14  a timely, good faith interactive process" in violation of California Government Code § 12940(n)

15  as alleged in YOUR COMPLAINT.

16  **DOCUMENT REQUEST NO. 12:**

17      All DOCUMENTS supporting YOUR contention that DEFENDANT failed to offer a

18  reasonable accommodation in violation of California Government Code § 12940(m) as alleged in

19  YOUR COMPLAINT.

20  **DOCUMENT REQUEST NO. 13:**

21      All DOCUMENTS supporting YOUR contention that DEFENDANT engaged in

22  retaliation in violation of California Government Code § 12940(h) as alleged in YOUR

23  COMPLAINT.

24  **DOCUMENT REQUEST NO. 14:**

25      All DOCUMENTS supporting YOUR contention that YOU engaged in protected activity

26  that supports YOUR claim for retaliation under California Government Code § 12940(h) as

27  alleged in YOUR COMPLAINT.

28

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS

**DOCUMENT REQUEST NO. 15:**

All DOCUMENTS supporting YOUR contention that "in or about August 2010 through January 2011," YOU expressed and voiced YOUR concerns "regarding the inappropriate and/or offensive comments and discriminatory actions to various management-level and Human Resources employees" as alleged in Paragraph 16 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 16:**

All DOCUMENTS supporting YOUR contention that "On or about January 7, 2011," YOU "sent an email to Samson requesting information regarding Baxter's internal escalation process for Human Resources matters" as alleged in Paragraph 18 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 17:**

All DOCUMENTS supporting YOUR allegation that "On or about January 10, 2011," YOU "advised Egel that " YOU "wished to initiate a formal complaint regarding the ongoing inappropriate, offensive, and discriminatory actions directed against" YOU, "other current employees, and potential applicants for the ongoing illegal and discriminatory conduct as to the terms, conditions, and privileges of employment" as alleged in Paragraph 19 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 18:**

All DOCUMENTS supporting YOUR contention that DEFENDANT violated the California Family Rights Act as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 19:**

All DOCUMENTS supporting YOUR contention that YOU were "placed on medical leave of absence" by YOUR "attending doctor from October 22, 2010 through January 22, 2011" as alleged in Paragraph 17 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 20:**

All DOCUMENTS supporting YOUR contention that "On January 11, 2011" YOU "left work early" due to YOUR "ongoing disability caused by the continued actions by Baxter management" as alleged in Paragraph 22 of YOUR COMPLAINT.

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS

**DOCUMENT REQUEST NO. 21:**

All DOCUMENTS supporting YOUR contention that DEFENDANT refused to permit YOU "to take leave commencing January 11, 2011" as alleged in Paragraph 82 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 22:**

All DOCUMENTS supporting YOUR contention that DEFENDANT refused to return YOU to YOUR "normal and customary job duties and hours" following YOUR "leave period beginning January 11, 2011" as alleged in Paragraph 82 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 23:**

All DOCUMENTS supporting YOUR contention that DEFENDANT never informed YOU that YOU could use leave under the California Family Rights Act for YOUR "disability or medical condition" as alleged in Paragraph 83 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 24:**

All DOCUMENTS supporting YOUR contention that YOUR "leave of absence commencing January 11, 2011, was a motivating reason" for YOUR "abrupt termination on January 12, 2011" as alleged in Paragraph 83 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 25:**

All DOCUMENTS supporting YOUR contention that DEFENDANT denied YOU "leave in accordance with California Government Code Section 12954.2" as alleged in Paragraph 84 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 26:**

All DOCUMENTS supporting YOUR contention that DEFENDANT violated California Labor Code § 1197.5 as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 27:**

All DOCUMENTS supporting YOUR contention that YOU were "earning less than the wage and wage rates paid to Baxter employees of the opposite sex . . . in the same or equal positions requiring equal skill, effort, and responsibility, and which are performed under similar working conditions" as alleged in Paragraph 26 of YOUR COMPLAINT.

9

**DOCUMENT REQUEST NO. 28:**

All DOCUMENTS supporting YOUR contention that DEFENDANT violated YOUR rights by failing to pay YOU "at equal wages to male employees of Baxter in the same position under the criteria defined by Labor Code section 1197.5" as alleged in Paragraph 90 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 29:**

All DOCUMENTS supporting YOUR contention that DEFENDANT invaded YOUR privacy as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 30:**

All DOCUMENTS supporting YOUR contention that DEFENDANT violated YOUR privacy and statutory rights by "purposefully, intentionally, and wrongfully disseminating sensitive and confidential information regarding" YOUR "medical condition to other employees who had no legitimate need to know" as alleged in Paragraph 97 of YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 31:**

All DOCUMENTS supporting YOUR contention that DEFENDANT engaged in a wrongful termination in violation of public policy as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 32:**

All DOCUMENTS supporting YOUR contention that DEFENDANT engaged in intentional infliction of emotional distress as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 33:**

All DOCUMENTS supporting YOUR contention that DEFENDANT engaged in negligent infliction of emotional distress as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 34:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to punitive damages as alleged in the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth Causes of Action in YOUR COMPLAINT.

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS

**DOCUMENT REQUEST NO. 35:**

All of YOUR diaries, personal notes, and/or calendars from the date YOU first began employment with DEFENDANT to the present.

**DOCUMENT REQUEST NO. 36:**

All DOCUMENTS, forms, letters, or other tangible items relative to YOUR claims, if any, for unemployment compensation with any state or federal agencies since leaving DEFENDANT'S employ.

**DOCUMENT REQUEST NO. 37:**

ALL DOCUMENTS RELATING TO YOUR employment with DEFENDANT, including but not limited to applications for employment, applications for internal job vacancies, training, performance evaluations, descriptions of benefits, DOCUMENTS pertaining to discipline of any form, and DOCUMENTS pertaining to salary and compensation.

**DOCUMENT REQUEST NO. 38:**

All DOCUMENTS in YOUR possession, custody or control that describe YOUR job responsibilities or work experience in connection with YOUR employment for DEFENDANT, including but not limited to all resumes, letters, employment applications, faxes, and e-mails YOU have sent that relate to YOUR prospective employment with some other employer during or after YOUR employment with DEFENDANT.

**DOCUMENT REQUEST NO. 39:**

All correspondence, tape recordings, videos, films, written materials, or other tangible items pertaining to any communications between YOU and DEFENDANT, its employees, and its ex-employees at any time pertaining to YOUR hiring, job performance, personnel file, job responsibilities, complaints regarding treatment by DEFENDANT, alleged discrimination, or YOUR termination of employment by DEFENDANT.

**DOCUMENT REQUEST NO. 40:**

All DOCUMENTS comprising non-privileged correspondence between YOU and any PERSON CONCERNING any of the alleged conduct of DEFENDANT or DEFENDANT'S employees or agents that forms the basis of this lawsuit.

11

**DOCUMENT REQUEST NO. 41:**

All DOCUMENTS in YOUR possession, custody or control that relate to YOUR salary, bonus, incentive pay, paid vacation, or any other compensation or benefits YOU received in connection with YOUR work performed for DEFENDANT, including but not limited to pay stubs, earnings statements, and W-2 forms.

**DOCUMENT REQUEST NO. 42:**

All DOCUMENTS in YOUR possession, custody or control that relate to any evaluation, whether formal or informal, of YOUR job performance with DEFENDANT.

**DOCUMENT REQUEST NO. 43:**

All DOCUMENTS, letters, diaries, calendars, memoranda, or any other printed or written material pertaining to YOUR efforts to find work with any potential employer at any time after YOU were terminated by DEFENDANT.

**DOCUMENT REQUEST NO. 44:**

All DOCUMENTS or other printed or written materials pertaining to any salary, compensation, bonuses, or benefits that YOU have earned or received at any jobs or from any sources during YOUR employment with DEFENDANT to the present.

**DOCUMENT REQUEST NO. 45:**

All DOCUMENTS that relate to the nature and terms of YOUR current employment and any other employment after YOUR employment with DEFENDANT to the present, including, without limitation, documents related to or reflecting written offers of employment, descriptions of employee benefits, such as bonuses, stock option plans or stock equivalent programs, insurance benefits, health benefits, government-sponsored programs, employee recreation programs and vacation, copies of any stock purchase agreements with any such employer, and pay stubs or other documents related to the salary, bonuses or other compensation received at any such employment.

**DOCUMENT REQUEST NO. 46:**

All DOCUMENTS, pay stubs, letters, ledgers, accounting records, bills or other materials reflecting or pertaining to any amounts charged or earned by YOU in connection with consulting

12

1 | work, jobs, or any other self-employment during YOUR employment with DEFENDANT to the

2 | present.

3 | **DOCUMENT REQUEST NO. 47:**

4 |     Any employment contracts, employment agreements, or proposals of such offered to YOU

5 | by anyone or by any entity since YOUR employment with DEFENDANT.

6 | **DOCUMENT REQUEST NO. 48:**

7 |     All DOCUMENTS comprising or pertaining to all medical records relating to any

8 | physical or emotional injury YOU allege YOU experienced as a result of the conduct alleged in

9 | the COMPLAINT.

10 | **DOCUMENT REQUEST NO. 49:**

11 |     All medical records that support, refer, and/or relate to any treatment received by YOU for

12 | emotional distress (which includes stress, or any other mental, psychological or psychiatric

13 | condition), for a period of time commencing five (5) years before the present up to and including

14 | the date YOUR response to these requests.

15 | **DOCUMENT REQUEST NO. 50:**

16 |     All correspondence or other communications that support, refer, and/or relate to any

17 | treatment received by YOU for emotional distress (which includes stress, or any other mental,

18 | psychological or psychiatric condition), for a period of time commencing five (5) years before the

19 | present up to and including the date YOUR response to these requests.

20 | **DOCUMENT REQUEST NO. 51:**

21 |     All bills that support, refer, and/or relate to any treatment YOU received for emotional

22 | distress (which includes stress or any mental, psychological or psychiatric condition), for a period

23 | of time commencing five (5) years before the present up to and including the date YOUR

24 | response to these requests.

25 | **DOCUMENT REQUEST NO. 52:**

26 |     All DOCUMENTS that support, refer, and/or relate to any other lawsuits, administrative

27 | charges, or any other complaints made by YOU, or made by others on YOUR behalf, related to

28 |

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS

1    YOUR employment with DEFENDANT including, but not limited to, deposition and hearing

2    transcripts, opinions, orders, judgments, settlement and/or release agreements, and drafts thereof.

3    **DOCUMENT REQUEST NO. 53:**

4        All DOCUMENTS that support, refer, and/or relate to any other legal actions (including

5    but not limited to lawsuits, administrative charges, or any other complaints made by YOU, or

6    made by others on YOUR behalf), related to YOUR employment with any employer other than

7    DEFENDANT.

8    **DOCUMENT REQUEST NO. 54:**

9        All DOCUMENTS that YOU or YOUR attorneys or other representatives provided or

10   DOCUMENTS provided on YOUR behalf to the Department of Fair Employment and Housing

11   concerning YOUR employment with DEFENDANT.

12   **DOCUMENT REQUEST NO. 55:**

13       All DOCUMENTS that YOU or YOUR attorneys or other representatives received from

14   the Department of Fair Employment and Housing concerning YOUR employment with

15   DEFENDANT.

16   **DOCUMENT REQUEST NO. 56:**

17       All DOCUMENTS that support, refer, and/or relate to any communications between YOU

18   and any local government, state or federal agency or department, or any agency or employee

19   thereof, concerning YOUR employment with DEFENDANT.

20   **DOCUMENT REQUEST NO. 57:**

21       All DOCUMENTS supporting YOUR contention that "In or about September 2010, due

22   to the ongoing inappropriate, offensive, and discriminatory actions and hostile work

23   environment," YOU "were diagnosed with severe emotional distress" as alleged in Paragraph 17

24   of YOUR COMPLAINT.

25   **DOCUMENT REQUEST NO. 58:**

26       All DOCUMENTS supporting YOUR contention that YOU are entitled to "General

27   Damages for pain suffering inconvenience, and emotional distress" as alleged in YOUR

28   COMPLAINT.

**DOCUMENT REQUEST NO. 59:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to "Special and Compensatory Damages including loss of income" as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 60:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to "Punitive Damages" as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 61:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to "Statutory damages" as alleged in YOUR COMPLAINT.

**DOCUMENT REQUEST NO. 62:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to liquidated damages pursuant to Labor Code § 1197.5 as alleged in YOUR COMPLAINT.

15287606v.1

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS

SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Michael A. Wahlander (SBN 260781)
mwahlander@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
BAXTER HEALTHCARE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE EVANS, | Case No. 4:12-CV-04919-YGR |
| Plaintiff, | **PROOF OF SERVICE** |
| v. | |
| **BAXTER HEALTHCARE CORPORATION, and DOES 1 through 50, inclusive,** | |
| Defendants. | |

1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.  On February 20, 2103, I served the within documents:

**SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF
KATE EVANS AND REQUEST FOR PRODUCTION OF DOCUMENTS**

|   |   |
|---|---|
|   | I sent such document from facsimile machine (415) 397-8549 on _____ . I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below. |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth below. |
|   | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
|   | by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below. |

| | |
|---|---|
| Andrew H. Lee<br>Law Office of Andrew H. Lee<br>2021 The Alameda, Suite 310<br>San Jose, CA  95126 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 20, 2013, at San Francisco, California.

Lisa M. Sims

2

# EXHIBIT  C

# EXHIBIT  C

Andrew H. Lee, State Bar No. 257403
**LAW OFFICE OF ANDREW H. LEE**
2021 The Alameda, Suite 310
San Jose, California 95126
Telephone: (408) 216-9898
Facsimile: (408) 216-9451

Attorney for Plaintiff
Kate Evans

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE EVANS, | Case No.: 4:12-CV-04919-YGR |
| Plaintiff, | **PLAINTIFF KATE EVANS' RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| vs. | |
| BAXTER HEALTHCARE CORPORATION, and DOES 1 through 50, Inclusive. | |
| Defendants. | |

PROPOUNDING PARTY:   Defendant BAXTER HEALTHCARE CORPORATION

RESPONDING PARTY:   Plaintiff KATE EVANS

SET NO.:   ONE

    Plaintiff Kate Evans responds to Defendant's Request for Production of Documents, Set One as follows:

### GENERAL OBJECTIONS

    1.    In responding to this Request for Production of Documents, Set One, Plaintiff reserves all objections relating to admissible evidence; to any and all objections based upon privacy, attorney-client privilege and/or attorney-work product doctrine; the right to introduce at

1  trial evidence which is presently unknown to Plaintiff and/or which is discovered subsequent to

2  the date of this response; and the right to amend this response without motion at any time.

3       2.      Plaintiff has not fully completed her investigation of the facts relating to this case,

4  has not completed discovery in this action, and has not completed her preparation for trial. All

5  responses contained herein are based only upon such information and documents as are

6  presently available to and specifically known to Plaintiff and Plaintiff discloses only those

7  contentions which presently occur to her.

8       3.      It is anticipated that further discovery, independent investigation, legal research

9  and analysis will supply additional facts, add meaning to known facts, as well as establish

10  entirely new factual conclusions and legal contentions, all of which may lead to substantial

11  additions to, changes in, and variations from the contentions set forth below.

12       4.      The following responses are given without prejudice to Plaintiff to produce

13  evidence of any acts which Plaintiff may later recall. Further, such responses are made without

14  prejudice to Plaintiff's right to produce facts, witnesses and documents omitted from these

15  responses by oversight, inadvertence and good faith error or mistake.

16       5.      Except for explicit facts admitted herein, no answer or implied admissions are

17  intended hereby. The fact that Plaintiff answered any interrogatory shall not be taken as an

18  admission that Plaintiff accepts certain events or admits the existence of any fact set forth or

19  assumed by such interrogatory, or that such response constitutes admissible evidence. The fact

20  that Plaintiff answered part or all of the interrogatories is not intended and shall not be construed

21  to be a waiver of all or any part of any objections to any interrogatory made by Plaintiff.

22       6.      Plaintiff objects to each of Defendant's requests for "all documents" on the

23  grounds that the requests are burdensome and oppressive. Plaintiff has undertaken a

24  reasonable search for documents believed to be responsive and not otherwise the subject of

25  general or specific objections set forth. However, this litigation is the subject of an ongoing

26  investigation on Plaintiff's part, and in the event that additional responsive documents are

27  discovered or Plaintiff's contentions change or modify, Plaintiff reserves the right to produce

28  additional documents and use such documents at trial.

7.     Plaintiff objects to the entire Request on the grounds that it requires Plaintiff to produce originals of the responsive documents at a location which is unreasonable and unduly burdensome. Plaintiff hereby informs Defendant that true and correct copies of any documents found to be responsive to Defendant's Request for Production of Documents will be produced by mail to the location specified in the demand.

8.     Plaintiff objects to each and every Request to the extent that it purports to request documents protected either by the attorney-client privilege, or attorney work-product.

9.     Plaintiff objects to each and every Request to the extent that it purports to request documents protected as personal or consumer records, or are in any form subject to the provisions of the Information Practices Act of 1977, Civil Code section 1798, et seq.

10.     Plaintiff objects to the entire Request to the extent that a document is described in more than one category, on the grounds that the production of a document more than once is burdensome and oppressive. A document described in more than one category will be produced only once, but such production shall be deemed to be made under all applicable categories.

Each of the above objections is incorporated by reference into each of the responses set forth below.

## RESPONSES

**DEMAND NO. 1:**

Objection. This request seeks information that is irrelevant, and therefore not designed to lead to the discovery of admissible evidence. Specifically, it seeks any and all documents referring to Defendant and is no way tied to the allegations and issues raised in this lawsuit. C.C.P. § 2017.00.

Subject to and without waiving the foregoing objections, all documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced.

**DEMAND NO. 2:**

Objection. This request seeks information that is irrelevant, and therefore not designed to lead to the discovery of admissible evidence. Specifically, it seeks any and all documents

1  referring to other employment and is no way tied to the allegations and issues raised in this
2  lawsuit. C.C.P. § 2017.00.

3      Objection. This request is grossly overbroad on its face, and does not reasonably relate
4  to a legitimate discovery need, creating a reasonable inference of intent to harass and
5  improperly burden the responding party. *See Obregon v. Sup. Ct.* (1998) 67 Cal. App. 4th 424,
6  431. Further, this request is oppressive and burdensome, in that compliance would be
7  unreasonably difficult and expensive, as the request is unreasonably and grossly broad and
8  vague in its request.

9      Objection. This request exceeds the permissible scope of discovery, i.e., it seeks
10  information not relevant to the subject matter of the action.

11      Objection. This request exceeds the permissible scope of discovery, i.e. it is outside the
12  relevant time period and there is no temporal limitation on this request. C.C.P. § 2035.010 et
13  seq.

14      Subject to and without waiving the foregoing objections, responding party has made a
15  diligent search and a reasonable inquiry in an effort to comply with this request. Based on
16  current search and investigation, there are no documents in responding party's possession,
17  custody, or control. Responding party reserves the right to provide additional documentation if,
18  at a later date, such documentation becomes available.

19  **DEMAND NO. 48:**

20      All documents or things in this request that are in the possession, custody, or control of
21  the responding party and to which no objection is made, and which have not been previously
22  produced, will be produced.

23  **DEMAND NO. 49:**

24      All documents or things in this request that are in the possession, custody, or control of
25  the responding party and to which no objection is made, and which have not been previously
26  produced, will be produced.

27  ///

28  ///

**DEMAND NO. 50:**

Objection. This request seeks information that is irrelevant, and therefore not designed to lead to the discovery of admissible evidence. Specifically, it seeks any and all documents referring to medical treatment received (excluding medical records) and is no way tied to the allegations and issues raised in this lawsuit. C.C.P. § 2017.00.

Objection. This request is grossly overbroad on its face, and does not reasonably relate to a legitimate discovery need, creating a reasonable inference of intent to harass and improperly burden the responding party. *See Obregon v. Sup. Ct.* (1998) 67 Cal. App. 4th 424, 431. Further, this request is oppressive and burdensome, in that compliance would be unreasonably difficult and expensive, as the request is unreasonably and grossly broad and vague in its request.

Objection. This request is unduly burdensome and oppressive in that production would require responding party's counsel to review, analyze, catalogue, and produce thousands of pages of pleadings, court records, discovery responses, mediation and settlement briefs, and deposition testimony, all of which are equally available to the propounding party. It further requires the production of documents that are not under the control of the responding party or responding party's agents.

Objection. This request seeks information protected by attorney-client privilege, including notes documenting confidential communications, Evid. Code § 954, and the attorney-work product doctrine, including legal research, analysis, strategy discussions, time records, notes and correspondence, between counsel. C.C.P. § 2018.010 et seq.

Objection. This request seeks information protected by privilege, work product, or right of privacy. Right of privacy objection includes the right of privacy regarding the responding party's financial affairs. *See Doak v. Sup.Ct.* (1968) 257 CA2d 825, 827-828.

Subject to and without waiving the foregoing objections, all documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced.

**DEMAND NO. 51:**

All documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced.

**DEMAND NO. 52:**

Responding party has made a diligent search and a reasonable inquiry in an effort to comply with this request. Based on current search and investigation, there are no documents in responding party's possession, custody, or control. Responding party reserves the right to provide additional documentation if, at a later date, such documentation becomes available.

**DEMAND NO. 53:**

Objection. This request seeks information that is irrelevant, and therefore not designed to lead to the discovery of admissible evidence. Specifically, it seeks any and all documents referring to claims made against other employers and is no way tied to the allegations and issues raised in this lawsuit. C.C.P. § 2017.00.

Objection. This request is grossly overbroad on its face, and does not reasonably relate to a legitimate discovery need, creating a reasonable inference of intent to harass and improperly burden the responding party. *See Obregon v. Sup. Ct.* (1998) 67 Cal. App. 4th 424, 431. Further, this request is oppressive and burdensome, in that compliance would be unreasonably difficult and expensive, as the request is unreasonably and grossly broad and vague in its request.

Objection. This request seeks information protected by privilege, work product, or right of privacy. Right of privacy objection includes the right of privacy regarding the responding party's financial affairs. *See Doak v. Sup.Ct.* (1968) 257 CA2d 825, 827-828.

Objection. This request exceeds the permissible scope of discovery, i.e., it seeks information not relevant to the subject matter of the action

Subject to and without waiving the foregoing objections, responding party has made a diligent search and a reasonable inquiry in an effort to comply with this request. Based on current search and investigation, there are no documents in responding party's possession,

pages of pleadings, court records, discovery responses, mediation and settlement briefs, and deposition testimony, all of which are equally available to the propounding party. It further requires the production of documents that are not under the control of the responding party or responding party's agents.

Objection. This request seeks information protected by attorney-client privilege, including notes documenting confidential communications, Evid. Code § 954, and the attorney-work product doctrine, including legal research, analysis, strategy discussions, time records, notes and correspondence, between counsel. C.C.P. § 2018.010 et seq.

Objection. This request seeks information protected by privilege, work product, or right of privacy. Right of privacy objection includes the right of privacy regarding the responding party's financial affairs. *See Doak v. Sup.Ct.* (1968) 257 CA2d 825, 827-828.

Objection. Requesting party is engaging in an improper "fishing trip" by placing more burden on the responding party to answer this information than the value of the information warrants. *See Greyhound Corp. v. Sup. Ct. (Clay)* (1961) 56 C2d 355, 384-385.

Subject to and without waiving said objections, all documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced.

DATED: February 26, 2013                    **LAW OFFICE OF ANDREW H. LEE**

By:  *Andrew H. Lee*
Andrew H. Lee
**Attorney for Plaintiff**

1

## VERIFICATION

2      I am a party to this action, and I have read the foregoing Response to Defendant's
Request for Production, Set One, and know its contents.

3

4      The matters stated in the foregoing document are true based on my own knowledge,
except as to those matters stated on information and belief, and as to those matters I believe
them to be true.

5

6      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct, and that if called as a witness, I could and would competently
testify to the same.

7

8      Executed on February **26**, 2013, at _____San Jose_____, California.

9

10     Kate Evans

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Response to Request for Production of Documents, Set One

# EXHIBIT  D

EXHIBIT  D

STATE OF CALIFORNIA | State and Consumer Services Agency

GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR PHYLLIS W. CHENG

(800) 884-1684 | Videophone for the DEAF (916) 226-5285
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Case Name:     EVANS/Baxter Healthcare Corporation

Case Number:

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

I hereby authorize, _DR. ALEX R. MORALES MD  408/358 - 7033 Tel_
(Name of Doctor/Address/Phone Number)
to discuss my medical, psychiatric, or other health information with any Consultant or    _Address :_
Staff Counsel of the Department of Fair Employment and Housing.  You are authorized
to answer any question directed to you by the Consultant or Staff Counsel regarding my    _Pacific Behavior_
condition, and to release appropriate information as identified by the Consultant or Staff    _Group_
Counsel, for the purposes of investigating or litigating a Complaint of Discrimination filed
with the Department of Fair Employment and Housing by the undersigned.    _2516 Samaritan_
_Dr_
In accordance with the Health Insurance Portability and Accountability Act (HIPAA), this    _Ste G_
authorization:    _San Jose,_

_Ca 95124_

1.    Shall become effective immediately and shall remain in effect from the date of
      signature, while the matter is open with the Department of Fair Employment
      and Housing, and until the matter before the Department of Fair Employment
      and Housing has been closed.
2.    Is subject to written revocation by the undersigned at any time between now
      and disclosure of information by the disclosing party; my written revocation
      will become effective on receipt by the Department of Fair Employment and
      Housing,  1515 Clay Street, Suite 701, Oakland, CA
      94612
      (District Office Address)                      ,
      except to the extent that the Requester or others have acted in good faith
      reliance upon the authorization.
3.    Does not allow the Requester to lawfully further use or disclose the health
      information specified other than for the stated purposes unless another
      authorization is obtained from me or unless such use or disclosure is
      specifically required or permitted by law.

Copies of this signed authorization will be considered as valid as the original.

Signature _____    Date _8/3/11_

Print Name _____KATE  K.  EVANS_____

Medical Record No. (If Applicable) _____

Birth Date _10/26/70_

| HEADQUARTERS | BAKERSFIELD | FRESNO | LOS ANGELES | OAKLAND | SAN JOSE |
|---|---|---|---|---|---|
| 2218 Kausen Drive | 4800 Stockdale Highway | 1277 E. Alluvial Avenue | 1055 West 7th Street | 1515 Clay Street | 2570 N. First Street |
| Suite 100 | Suite 215 | Suite 101 | Suite 1400 | Suite 701 | Suite 480 |
| Elk Grove, CA 95758 | Bakersfield, CA 93309 | Fresno, CA 93720 | Los Angeles, CA 90017 | Oakland, CA 94612 | San Jose, CA 95131 |
| (916) 478-7251 | (661) 395-2729 | (559) 244-4760 | (213) 439-6799 | (510) 622-2941 | (408) 325-0344 |

DFEH-600-27 (02/07)

BAXTER 001008

# EXHIBIT  E

# EXHIBIT  E

1  Andrew H. Lee, State Bar No. 257403
2  **LAW OFFICE OF ANDREW H. LEE**
   2021 The Alameda, Suite 310
3  San Jose, California 95126
   Telephone: (408) 216-9898
4  Facsimile: (408) 216-9451

5  Attorney for Plaintiff
   Kate Evans

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9

10

11 KATE EVANS,                          ) Case No.: 4:12-CV-04919-YGR
                                        )
12            Plaintiff,                ) **PLAINTIFF KATE EVANS' REQUEST FOR**
                                        ) **PRODUCTION OF DOCUMENTS AND**
13     vs.                              ) **TANGIBLE THINGS, SET ONE**
                                        )
14 BAXTER HEALTHCARE CORPORATION,       )
   and DOES 1 through 50, Inclusive.    )
15                                      )
              Defendants.               )
16 ─────────────────────────────────── )

17

18 PROPOUNDING PARTY:    Plaintiff KATE EVANS

19 RESPONDING PARTY:     Defendant BAXTER HEALTHCARE CORPORATION

20 SET NO.:              ONE

21       Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Kate Evans ("Evans") hereby

22 propounds this set of document requests to Defendant Baxter Healthcare Corporation

23 ("Baxter"). Within thirty (30) days of service, Defendant shall respond under oath in writing and

24 produce all documents and tangible things responsive to these requests for inspection at the

25 following address: Law Office of Andrew H. Lee, 2021 The Alameda, Suite 310, San Jose, CA

26 95126.

27 ///

28 ///

## GENERAL INSTRUCTIONS

1.      You are required to produce the original and each non-identical copy of each document or other tangible thing requested herein which is in your possession, custody, or control or that any of your agents, attorneys, employees, or representatives maintain in their possession, custody, or control. If the original or original carbon copy is not in your possession, custody, or control or that of your agents, attorneys, employees, or representatives, a full, clear, legible copy thereof is to be produced.

2.      If you object to a portion of the request, produce all documents called for by that portion of the request to which you do not object.

3.      You are required to produce each document and/or tangible thing requested in a document request as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which each paper or thing may be organized or separated.

4.      If you or your counsel asserts that any document or thing required to be produced is privileged or is otherwise protected from discovery, please set forth in your written response, with respect to each document or thing for which the claim of privilege is made:

     (a) The name of the author of the document;

     (b) The name of the sender of the document, if different from the author;

     (c) The name of the person to whom copies were sent or otherwise made available;

     (d) The business affiliation and job title of every person named in (a), (b), and (c) above;

     (e) The date of the document;

     (f) A brief description of the nature (e.g., letter, memorandum) and subject matter of the document; and

     (g) The basis for the privilege claimed.

5.      If you are aware of the existence of any documents that you are unable to produce, specify in writing and serve upon the undersigned a list indicating the identify of such documents. The identification, for each such document, should set forth whether the document

1  (i) has been destroyed, (ii) has been lost, misplaced, or stolen, or (iii) has never been, or is no

2  longer in the possession, custody, or control of the responding party, in which case the name

3  and address of any person or entity known or believed by you to have possession, custody, or

4  control of that document should be identified. In each instance, explain the circumstances

5  surrounding the disposition and state the date or approximate date thereof.

6  **DEFINITIONS**

7      1.      As used herein, the terms "YOU," "YOUR," "DEFENDANT," or "BAXTER" shall

8  mean and refer to Defendant Baxter Healthcare Corporation and its servants, agents,

9  employees, representatives, divisions, attorneys, and anyone else acting on its behalf.

10     2.      As used herein, the term "HAYWARD" shall mean and refer to Defendant Baxter

11  Healthcare Corporation's Hayward, California operating plant and facility located at 1978 W.

12  Winton Avenue, Hayward, CA 94545.

13     3.      As used herein, "EVANS," or "PLAINTIFF" shall refer to Plaintiff Kate Evans.

14     4.      As used herein, the term "PERSON(S)" shall include any natural person,

15  partnership, firm, corporation, trust, association, joint venture, public entity, business

16  organization, or other legal entity.

17     5.      As used herein, the term "DOCUMENT(S)" shall mean and refer to any and all

18  material defined in Federal Rule of Civil Procedure 34 and each and every writing or record of

19  every type that is or has been in the possession, custody, or control of a responding party or to

20  which a responding party or its counsel has access. "DOCUMENT(S)" shall include all

21  handwriting, typewriting, printing, photostating, photographing, and any other means or

22  recording upon any tangible thing, any form of communication or representation, including, but

23  not limited to, letters, words, pictures, sounds, or symbols, or imitations thereof (including,

24  without limitation, correspondence, letters, memoranda, notes, words, books, papers,

25  telegrams, telexes, facsimiles, dictation or other audio tapes, videotapes, computer tapes,

26  computer disks, computer printouts, microfilm, microfiche, worksheets, diaries, calendars,

27  catalogs, photographs, charts, drawings, minutes, agendas, bulletins, reports, contracts,

28  electronic mail). "DOCUMENT(S)" also includes any and all drafts of the above and any and all

Plaintiff's Request for Production of Documents, Set One – 3

1  handwritten notes or notations in any form, together with attachments to any such documents.

2  Further, "DOCUMENT(S)" include all ESI, or electronically stored information, as that term is

3  defined in Federal Rule of Civil Procedure 34.

4        6.    As used herein, the term "RELATING TO," "RELATED TO," "REFERRING TO,"

5  and "REFER TO" shall mean any and all documents that directly, indirectly, or in any other way

6  support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, concern,

7  construe, contain, embody, memorialize, evidence, mention, refer to, state, deal with, comment

8  on, respond to, describe, analyze, summarize, and/or are otherwise connected with the subject

9  matter about which the request is being made.

10        7.    The term "COMPLAINT," as used herein, shall refer to the Complaint filed on or

11  about August 14, 2012, in the Alameda County Superior Court, styled *Kate Evans v. Baxter*

12  *Healthcare Corporation,* Case No. RG12643588, which has since been removed to the

13  Northern District of California with Case No. 4:12-CV-04919-YGR, and any amendments

14  thereto.

15        8.    As used herein, the term "COMMUNICATION(S)" shall mean the transmission,

16  sending and/or receipt of information of any kind by and/or through any means including but

17  not limited to speech, writings, language, computer electronics of any kind, magnetic tape,

18  video tape, photographs, graphs, symbols, signs, magnetic disks, sound, ratio and/or video

19  signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic

20  film of any type and/or other media of any kind. "COMMUNICATION(S)" include, without

21  limitation, all DOCUMENTS RELATING TO the subject of the request (e.g., notes, memoranda,

22  and any other DOCUMENTS memorializing the information conveyed).

23        9.    As used herein, the term "PERSONNEL FILE" shall include any and all records,

24  maintained either in the normal course of business or for any special purpose with respect to

25  the application, course of employment, and termination of any employee of defendant, and

26  specifically includes applications, disciplinary notices, performance evaluations, employment

27  histories or summaries, records of residential addresses and telephone numbers, termination

28  notices, job assignment or classification records, compensation and other similar records. For

1   purpose of this request, the term "PERSONNEL FILE" need not include records of medical

2   benefits, condition, or claims; designations of, or changes in, beneficiary; garnishments;

3   income tax records; or insurance benefits, except as pertaining to PLAINTIFF's records.

4       10.    As used herein, the term "PERSONNEL POLICY" shall include any and all

5   records maintained either in the normal course of business or for any special purpose with

6   respect to (a) employee discipline policies such as counseling, written warnings, suspension,

7   demotion, and termination policies; (b) retirement, disability, salary, benefits, vacation,

8   employee evaluations, leaves of absence, job duties, assignments, rotation(s) of work

9   assignments, job accommodations, training, safety, and discrimination; (c) discrimination,

10  whistle blower, retaliation, wrongful termination, sexual harassment, hostile workplace policies;

11  (d) internal complaint or grievance procedures; (e) Equal Employment Opportunity (EEO)

12  policies; (f) AAP; (g) employee handbooks, personnel policy manuals, personnel procedure

13  manuals, lists of employee rules, supervisors' handbooks, documents used in seminars on

14  termination or discipline given to supervisors and memoranda to supervisors regarding policies

15  or procedures for discipline or termination of employees; (h) employee handbooks or other

16  documents or materials provided to employees or prospective employees setting forth or

17  explaining the procedures or policies on hiring, promotion, transfer, layoff, termination,

18  severance pay, salary, and employee benefits; (i) evaluation of employees' job performance.

19      11.    As used herein, the words "AND" and "OR" shall be construed either

20  conjunctively or disjunctively, as required by the context, to bring within the scope of these

21  requests any information that might be deemed outside their scope by any other construction.

22      12.    Except as specifically provided herein, words that impart the singular shall

23  include the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

24

25  **DEMAND NO. 1:**

26      All DOCUMENTS RELATED TO the complete PERSONNEL FILE of PLAINTIFF

27  including, but not limited to, any documents, records, memoranda, notes or computer printouts

28  which were part of PLAINTIFF's PERSONNEL FILE at any time.

**DEMAND NO. 226:**

All DOCUMENTS RELATED TO any advertisements for positions held by terminated personnel from January 1, 2008, to January 1, 2011.

**DEMAND NO. 227:**

All DOCUMENTS RELATED TO YOUR Market-Based Pay Program effective January 1, 2006, to the present.

**DEMAND NO. 228:**

All DOCUMENTS RELATED TO YOUR Annual Compensation Review Process effective January 1, 2006, to the present.

**DEMAND NO. 229:**

All DOCUMENTS RELATED TO YOUR annual budget for salary increases from January 1, 2006, to the present.

**DEMAND NO. 230:**

All DOCUMENTS RELATED TO YOUR Functional Review Process effective January 1, 2006, to the present.

**DEMAND NO. 231:**

All DOCUMENTS RELATED TO any applicants not hired for each position filled by YOU from January 1, 2006, to the present including, but not limited to, the employment applications, completed applicant flow logs, and background screen information.


DATED: March 18, 2013                              **LAW OFFICE OF ANDREW H. LEE**


Andrew H. Lee
Attorney for Plaintiff

## PROOF OF SERVICE

I am employed in Santa Clara County, California; I am over the age of 18 years and not a party to the within action; my business address is 2021 The Alameda, Suite 310, San Jose, California, 95126.

On this date, I served the foregoing document described as:

**Plaintiff's Request for Production of Documents, Set One**

Said document was served on the interested party or parties in this action by placing a true copy thereof, enclosed in a sealed envelope, and addressed as noted below.

Andrew McNaught
Seyfarth Shaw LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105

I am familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Jose, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one working day after the date of deposit for mailing in this declaration.

XX      (By Mail) I deposited such envelope in the mail at San Jose, California. The envelope was mailed with postage fully prepaid.

(By Overnight Ground Delivery) I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

(By Facsimile) In addition to regular mail, I sent this document via facsimile, number(s) as listed on the attached mailing list.

(By Personal Service) Such envelope was delivered by hand to the above addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 18, 2013, at San Jose, California.

By: _____
Jeeae Kim

# EXHIBIT  F

# EXHIBIT  F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KATE EVANS,                                    )<br>                  Plaintiff,            )<br>                                               )<br>vs.                                            )<br>                                               )<br>BAXTER HEALTHCARE CORPORATION,   )<br>and DOES 1 through 50,              )<br>inclusive,                                 )<br>                                               )<br>                  Defendants.          )<br>                                               )<br>                                               )<br>                                               ) | **CERTIFIED COPY**<br><br>No. 4:12-CV-04919-YGR |

VOLUME I

VIDEOTAPED DEPOSITION OF KATE EVANS

San Francisco, California

Tuesday, March 26, 2013

Reported by:  LANA L. LOPER, RMR, CRR, CCP,
              CME, CLR, CSR No. 9667
Pages 1 - 137

1

10:35  1    to?

2          A    E-mails.

3          Q    Do you recall which ones specifically?

4          A    Not specifically.

10:35  5    Q    Any others you can recall, any categories of

6    documents that you reviewed?

7          A    Performance.   Performance reviews.

8          Q    Your performance evaluations?

9          A    Yes.

10:36 10    Q    Are there any other documents you can recall

11   reviewing?

12         A    No, I don't remember.

13         Q    And when did you review the documents that you

14   just testified to?

10:36 15    A    I reviewed them when -- when you sent docs.   I

16   just don't remember exactly when, to respond to the

17   interrogatories.

18         Q    Okay.  Did you review the documents that you

19   just described to me more recently than that,

10:37 20   specifically to prepare for your testimony here today?

21         A    I did review some.

22         Q    And which were those?  Do you recall?

23         A    The e-mails, the performance reviews.   That's

24   about it.

10:37 25    Q    Ms. Evans, I'm going to hand you what we've

14

10:37   1   premarked as Exhibit 1 to the deposition.

2                (Defendants' Exhibit 1 was marked for

3                identification.)

4   BY MR. McNAUGHT:

10:37   5       Q   This is the second amended notice of deposition

6   compelling your attendance and testimony here today.  It

7   also has an attached document request.

8                Have you seen this particular document before,

9   Ms. Evans?

10:38  10       A   No.

11       Q   You haven't had an opportunity to review the

12   various document requests that are attached to this?

13                MR. LEE:  And just for the record, the document

14   requests that are attached to the notice of Ms. Evans'

10:38  15   deposition is duplicative of the same request for

16   documents that was previously sent and responded to.

17                THE WITNESS:  I have not seen this.  I've not

18   seen this.

19   BY MR. McNAUGHT:

10:38  20       Q   Do you recall seeing something that looked like

21   these document requests as part of another document, as

22   your counsel just alluded to, or requests for production

23   that were separately sent to your counsel?

24       A   I'm not sure.  If you can provide me with a copy

10:39  25   of the original requests, I can tell you if I've seen it.

15

10:41  1  old?

2       A   Yes.

3       Q   And did you move to the Bay Area at that time?

4       A   No.

10:41  5  Q   Where did you move?

6       A   I moved to Utah.

7       Q   What is your current residential address?

8       A   Is that provided?

9           MR. LEE:  He's entitled to ask that, yes.

10:41  10      THE WITNESS:  2987 Glen Alden Court, San Jose,

11  95148.

12  BY MR. McNAUGHT:

13      Q   And do you rent or own at that address?

14      A   I don't own it.

10:42  15  Q   You rent there?

16      A   (No verbal response.)

17      Q   Yes?

18      A   Yes.

19      Q   And how long have you resided at that address?

10:42  20  A   I would say about two years.

21      Q   And who resides at that address with you, if

22  anyone?

23      A   My children.

24      Q   And what are their names?

10:42  25      MR. LEE:  Let me place an objection on behalf of

| | | |
|---|---|---|
| 10:42 | 1 | Ms. Evans.  I will allow some latitude, Andrew.  I know |
| | 2 | you're entitled to some background information.  This is |
| | 3 | a standing objection as to things involving her personal |
| | 4 | life: who she lives with, who she may or may not be |
| 10:43 | 5 | married to, her children, the names of her children. |
| | 6 | If you would like to offer me a proffer as to |
| | 7 | the reason why you're asking this information, I would be |
| | 8 | more than happy to consider it; otherwise, I would object |
| | 9 | on privacy and instruct Ms. Evans not to answer. |
| 10:43 | 10 | MR. McNAUGHT:  Well, that would be an improper |
| | 11 | objection and I'm clearly entitled to that information. |
| | 12 | It's discoverable. |
| | 13 | MR. LEE:  Marital status is clearly a matter of |
| | 14 | privacy supported by case law.  You're not entitled to |
| 10:43 | 15 | that information -- |
| | 16 | MR. McNAUGHT:  Sure I am. |
| | 17 | MR. LEE:  -- unless you have due cause for it. |
| | 18 | MR. McNAUGHT:  Sure I am. |
| | 19 | Who she resides at her current and past |
| 10:43 | 20 | residential addresses are potentially witnesses to her |
| | 21 | emotional distress claims and other claims in the case; |
| | 22 | her disability discrimination claim.  So I think that |
| | 23 | there's ample grounds for answering that question.  And I |
| | 24 | don't think that it's protected by any privacy right, but |
| 10:44 | 25 | even if it is, the discoverability, given the claim she's |

18

| | |
|---|---|
| 10:44 | 1 |

10:44  1  made in this case, would override any privacy rights.

2       MR. LEE:  Let's preserve that question.  At a

3  break I'll discuss with Ms. Evans and discuss that

4  question or take that break right now and discuss it.  We

10:44  5  can do either.

6       MR. McNAUGHT:  If you want to take a quick break

7  and discuss it with her, that's fine.  I have a number of

8  questions along this line.

9       MR. LEE:  Let's take a break.

10:44 10       THE VIDEOGRAPHER:  Okay.  Time is 10:44 a.m.

11  We're off the record.

12       (Discussion off the record.)

13       THE VIDEOGRAPHER:  We are back on the record.

14  The time is 10:48 a.m.

10:48 15       MR. LEE:  After conferring with my client, it is

16  her intention to respond to some of these questions,

17  subject to the imposition of the protective order that

18  the parties are working on.

19       So most likely, as counsel knows, we will

10:48 20  probably be coming back subject to that order and further

21  order by the Court.

22       So for now it is a standing objection to that

23  line of questioning, but I want to make it clear for the

24  record that Ms. Evans does intend to answer those certain

10:48 25  types of questions subject to that protective order.

19

10:49   1        MR. McNAUGHT:  Counsel, so I'm unclear as to

2   your statement.  Are you saying that your client is going

3   to answer those questions today, or she's not going to

4   answer them today?

10:49   5        MR. LEE:  Not today.

6        MR. McNAUGHT:  I'm going to ask them and then

7   mark them because we're going to be before the Court on

8   those questions as with many other issues, so I want to

9   make the record I want to make here today.

10:49   10  BY MR. McNAUGHT:

11      Q   So I think the last question I asked is what are

12   your children's names?

13      MR. LEE:  Same objection.  Same instruction.

14      MR. McNAUGHT:  Are you following your attorney's

10:49   15   instruction not to answer that question?

16      THE WITNESS:  Yes.

17      MR. McNAUGHT:  Mark the question, please.

18  BY MR. McNAUGHT:

19      Q   Does anyone else other than your children live

10:49   20   with you at your current residential address?

21      MR. LEE:  Same.  Same objection.  Same

22   objection.  Standing objection to this line of

23   questioning.  We could probably move this along so that

24   counsel understands this line and subject of questioning

10:49   25   will be the same objection and same instructions, unless

20

10:49  1   you want to make it clear for the record.

2   MR. McNAUGHT:  I need to make my record since

3   the record is what the Court will be looking at on my

4   motion to compel.

10:50  5   BY MR. McNAUGHT:

6   Q   You are, I take it, following your counsel's

7   instruction and refusing to answer my question?

8   A   Yes.

9   MR. McNAUGHT:  Mark the question, please.

10:50  10   BY MR. McNAUGHT:

11   Q   Are you currently married, Ms. Evans?

12   MR. LEE:  Same objection.  Same instruction.

13   MR. McNAUGHT:  Mark the question, please.

14   BY MR. McNAUGHT:

10:50  15   Q   Were you married during the tenure of your

16   employment with Baxter at all?

17   MR. LEE:  Same objection.  Same instruction.

18   BY MR. McNAUGHT:

19   Q   Are you following your counsel's advice not to

10:50  20   answer that question?

21   A   Yes.

22   MR. McNAUGHT:  Mark the question, please.

23   BY MR. McNAUGHT:

24   Q   Have you ever been married?

10:50  25   MR. LEE:  Same objection.  Same instruction.

**HAHN & BOWERSOCK 800-660-3187 FAX 714-662-1398**
**151 KALMUS DRIVE, SUITE L1 COSTA MESA, CA 92626**

10:50 1          MR. McNAUGHT:  Mark the question, please.

2          MR. LEE:  And just again, so the record is

3 clear, Ms. Evans is not refusing to answer, but she will

4 answer these questions subject to the imposition of a

10:51 5 protective order.

6          MR. McNAUGHT:  Well, just for the record,

7 Counsel, defendant provided plaintiff a draft of that

8 protective order well over two months ago.  It still

9 hasn't been signed or filed, so I understand your

10:51 10 position, but for today, she's not answering the

11 questions.

12          MR. LEE:  And just to clarify the record, that

13 draft protective order was actually sent to me via e-mail

14 on March 5th, which would be about three weeks ago, not

10:51 15 two months.

16          MR. McNAUGHT:  I think it was provided prior to

17 that.

18          MR. LEE:  The release was.

19          MR. McNAUGHT:  But in any event, we can talk

10:51 20 about that offline.

21 BY MR. McNAUGHT:

22      Q  What was your prior residential address before

23 you lived at the Glen Alden Court address?

24      A  I can't remember the numbers.  It's on Woodley

10:52 25 Drive, San Jose.

22

```
10:52   1      Q   W-o-o-d-l-e-y?

        2      A   -- l-e-y.

        3      Q   You don't recall the street number?

        4      A   I just have a block right now.

10:52   5      Q   That's okay.  Just let me know if it pops into

        6  your head.

        7      A   Sure.

        8      Q   Do you recall the ZIP code there, by any chance?

        9      A   95148.

10:52  10      Q   How long did you live at that address,

       11  approximately speaking?

       12      A   At least a year.

       13      Q   Did anyone else live with you at that address?

       14          MR. LEE:  Same objection.  Same instruction.

10:52  15  BY MR. McNAUGHT:

       16      Q   Are you going to follow your counsel's

       17  instruction and refuse to answer that question?

       18      A   Yes.

       19          MR. McNAUGHT:  Mark the question, please.

10:52  20  BY MR. McNAUGHT:

       21      Q   Did you rent or own at the Woodley Drive

       22  address?

       23      A   I rent.

       24      Q   Do you recall your residential address prior to

10:53  25  the Woodley Drive address?
```

23

10:53 1      A _ I think -- it will come to me.  It's in

2   California, in Discovery Bay.

3      Q   Approximately how long did you reside at the

4   Discovery Bay address?

10:54 5      A _ I can't remember.

6      Q   Do you recall whether you rented or owned at

7   that address?

8      A   Rent.

9      Q   Do you recall whether you were working at Baxter

10:54 10   at any point during the time that you lived at the

11   Discovery Bay address?

12      A   Yes.

13      Q   Do you recall whether you were living at the

14   Discovery Bay address at the time you first started with

10:54 15   Baxter in 2008?

16      A   Yes.

17      Q   Who lived with you, if anyone, at the Discovery

18   Bay address?

19      MR. LEE:  Same objection.  Same instruction.

10:54 20   BY MR. McNAUGHT:

21      Q   You're going to refuse to answer that question?

22      A   Yes.

23      MR. McNAUGHT:  Mark the question.

24   BY MR. McNAUGHT:

10:55 25      Q   Prior to living at the Discovery Bay address,

24

11:15 1        Are you currently employed right now?

2    A  I'm currently not employed.

3    Q  Do you suffer from any medical condition that

4  you believe would preclude you from being employed full

11:15 5  time?

6        For the record, that's a yes-or-no question.

7        I'm not asking her to identify any particular

8  condition.  It's a yes-or-no question.  So I don't think

9  there's any privacy that attaches to it but...

11:15 10        MR. LEE:  You can answer yes or no.

11        THE WITNESS:  What is your question again?

12        MR. McNAUGHT:  Can you read the question back?

13        (The question was read as follows:)

14        "Q  Do you suffer from any medical

11:15 15        condition that you believe would

16        preclude you from being employed full

17        time?"

18        THE WITNESS:  Yes.

19  BY MR. McNAUGHT:

11:16 20    Q  And will you identify the medical condition for

21  me?

22        I suspect --

23    A  Nope.

24    Q  -- your counsel may be objecting.  I need to put

11:16 25  it on the record.

37

11:16    1            MR. LEE:  Same objections as before and same

2   instructions.  And these will be answered subject to the

3   protective order, as it relates as a standing objection

4   to questions regarding Ms. Evans' medical: nature,

11:16    5   extent, things like that.

6            MR. McNAUGHT:  Can you mark that question,

7   please.

8   BY MR. McNAUGHT:

9      Q    Are you currently self-employed?

11:16 10      A    No.

11           MR. McNAUGHT:  Let's mark next in line

12   Exhibit 2.

13         (Defendants' Exhibit 2 was marked for

14         identification.)

11:17 15   BY MR. McNAUGHT:

16      Q   Ms. Evans, I've handed to you what we've marked

17   as Exhibit 2 to the deposition.  I'll represent to you

18   this is a printout we did here, internally, here at my

19   firm.  Internet site.  I'm curious.  Is this your

11:17 20   Internet site.  Is this your business?

21      A    This is not my business.  It is not my Internet

22   site.

23      Q    So you're completely unfamiliar with whatever

24   business is advertised on this site?

11:17 25      A    I am familiar with the information on the site.

38

11:19  1        THE VIDEOGRAPHER:  Time is 11:19 a.m.  We're off

2  the record.

3        (Discussion off the record.)

4        THE VIDEOGRAPHER:  We are back on the record.

11:29  5  The time is 11:29 a.m.

6  BY MR. McNAUGHT:

7        Q   Thank you.

8        Ms. Evans, you recognize you're still testifying

9  under oath, correct?

11:29  10       A   Correct.

11       Q   When we left off, I was asking you about what

12  I've marked as Exhibit 2 to the deposition, which, is

13  this, printout from an Internet site called Evans SK Inc.

14  and I think I asked you, was this is this a business that

11:29  15  a relative of yours owns or something?

16       A   Yes.

17       Q   Okay.  Is this -- who is the relative?

18       MR. LEE:  And same objection as to who owns it

19  and what its -- those kind of things, based on privacy.

11:30  20       She will answer the question subject to the

21  imposition of a protective order.

22       MR. McNAUGHT:  I'll just say for the record,

23  Counsel, that's a completely baseless objection.  I'm

24  not -- I'm asking her about a public Internet site that I

11:30  25  printed off the Internet and there's no conceivable basis

40

| | | |
|---|---|---|
| 11:30 | 1 | for a privacy objection.  She already testified that she |
| | 2 | provided services, content, in working on this Website, |
| | 3 | which is available to the public, and I can't possibly |
| | 4 | see what privacy protection would be implicated by my |
| 11:30 | 5 | asking her who owns the site that she performed work for. |
| | 6 | MR. LEE:  And again -- |
| | 7 | THE WITNESS:  Again -- |
| | 8 | MR. LEE:  And, again, Ms. Evans is more than |
| | 9 | willing to answer the question.  Her concern is as to the |
| 11:31 | 10 | dissemination of that information so... |
| | 11 | BY MR. McNAUGHT: |
| | 12 | Q   Is this a site that is owned or operated by an |
| | 13 | ex-husband or husband? |
| | 14 | MR. LEE:  Same.  Same objection.  Same |
| 11:31 | 15 | instruction. |
| | 16 | MR. McNAUGHT:  Mark the question please. |
| | 17 | BY MR. McNAUGHT: |
| | 18 | Q   Just so I'm clear, Ms. Evans, you are following |
| | 19 | your counsel's instruction, and you are not going to |
| 11:31 | 20 | answer my question as to who owns or operates this |
| | 21 | business called Evans SK, Inc. that you testified you |
| | 22 | performed services in connection with the business's |
| | 23 | Website.  Is that correct? |
| | 24 | A   Yes, at this time. |
| 11:31 | 25 | MR. McNAUGHT:  Mark the question, please. |

41

1    but it didn't seem the position was exactly managing the

2    staffing; it's more IT.

3        Q   Do you recall where that position was located

4    physically?

5        A   It was posted at Deerfield, but it is a virtual

6    position.

7        Q   Did you apply for this position formally in any

8    respect?

9        A   I did not formally apply.  I did talk to Steve

10   about it.

11       Q   Do you recall when you had this conversation

12   with him?

13       A   It was -- it was in 2011.  I can't remember

14   exact month.

15       Q   And anything else regarding your job search,

16   other than what you've already testified to, that you

17   haven't told me?

18       A   I think that's all I can remember.

19       Q   Okay.  How have you been supporting yourself

20   financially since your termination from Baxter?

21       A   Family.

22       Q   Are those loans or --

23           MR. LEE:  Standing objection.  Subject to the

24   protective order.  Same instructions.

25           MR. McNAUGHT:  Once again, your line of

56

1   objections are completely baseless, and I believe they're

2   sanctionable.

3        Questions as to how the plaintiff has been

4   supporting herself since her termination are directly

5   relevant to her damages claim; they're directly relevant

6   to mitigation; and they're not protected under any

7   privacy laws so they wouldn't be subject to a protective

8   order, even if we did have one on file.

9        MR. LEE:  And, again, Ms. Evans's main concern

10  is improper dissemination of this information so...

11       MR. McNAUGHT:  I'm entitled to the information.

12  BY MR. McNAUGHT:

13   Q   Are you going to follow your counsel's

14  instruction and refuse to answer my question?

15   A   Yes.

16   Q   Are there any other sources of income, other

17  than from family members, that you have had since your

18  termination from Baxter?  In other words, Social Security

19  benefits or disability benefits?

20   A   Disability benefits.

21   Q   And how many -- what source are you receiving

22  those from?  Are you receiving them now?

23       MR. LEE:  Just so we can, again, streamline this

24  process, will there be lines of questions of the nature

25  and extent of the disability benefits and the source, the

57

1    reason for the disability benefits and so on?

2            MR. McNAUGHT:  Of course there will be because

3    it's completely relevant and it's discoverable

4    information.

5            At this point, I'm simply asking -- I'm really

6    focused on the damages issue, so for right now I'm just

7    really asking what the source is of any disability or

8    other payments, you know, that might be relevant.

9            But, yes, of course I'm entitled to that

10   information.  And the sources of her income, since

11   termination, once again, would not be private or subject

12   to a protective order.

13           MR. LEE:  Right.  We're not disagreeing that

14   you're entitled to it, just subject to the protective

15   order that the parties and counsel have been trying to

16   put into place.

17           Are you -- he's just asking -- what was the last

18   question that was pending?

19           MR. McNAUGHT:  Can you read the last question

20   back, please?

21           (The question was read as follows:)

22           "Q   What source are you receiving those

23           from?  Are you receiving them now?"

24   BY MR. McNAUGHT:

25       Q   Well, let me ask you a different question since

HAHN & BOWERSOCK 800-660-3187 FAX 714-662-1398
151 KALMUS DRIVE, SUITE L1 COSTA MESA, CA 92626

1   that was compound.

2          Are you currently receiving disability benefits?

3      A   Yes.

4      Q   And what source are you receiving them from?   In

5   other words, are they from the state or federal benefits?

6   That's what I mean by "source."

7          MR. LEE:  Let's take -- let me ask a for a break

8   so we can see if we can streamline this.

9          MR. McNAUGHT:  Okay.

10         THE VIDEOGRAPHER:  Time is 12:59 p.m.  We're off

11  the record.

12         (Discussion off the record.)

13         THE VIDEOGRAPHER:  We are back on the record.

14  The time is 1:06 p.m.

15         MR. McNAUGHT:  Thank you.

16  BY MR. McNAUGHT:

17     Q   Ms. Evans, you recognize you're still testifying

18  under oath, correct?

19     A   Yes.

20     Q   I'm not even sure where we left off prior to the

21  break.

22         THE REPORTER:  Shall I read?

23         MR. LEE:  I'll just interpose the same objection

24  as to the nature, source, extent of the disability

25  benefits.  Again, I want to make clear for the record,

59

1    and as was indicated to counsel prior to the commencement

2    of this deposition, we would be -- we do have every

3    intention to answer these questions, subject to the

4    imposition of the protective order that is still not in

5    place.  Parties are more than anticipating coming back to

6    answer these questions.  So in no way are we trying to

7    obstruct the litigation and fulfillment of your discovery

8    process but, again, there are paramount concerns that

9    Ms. Evans has regarding the illegal dissemination of this

10   type of information.

11        MR. McNAUGHT:  And once again, Counsel, I

12   disagree, for the record.

13        I think that plaintiff is obstructing legitimate

14   discovery.  I think it's sanctionable.  These type of

15   questions are not subject to a protective order.

16        The protective order that we have been

17   negotiating has been with respect to the production of

18   medical records from third-party custodians, and I

19   understand the concern there and the potential privacy

20   implications there, but I have asked numerous questions

21   in today's deposition that have nothing to do with

22   medical records, that would not be subject to the

23   protective order, even if one were on file.

24        It's a huge administrative burden on defendant

25   to have to file motions under a protective order.  It's

60

1    an administrative burden to the court, and these are

2    simply not matters which are subject to a protective

3    order, so we are going to move accordingly.  I don't know

4    what else to say beyond that.

5            Can you read back the last substantive question

6    I asked.

7              (The question was read as follows:)

8              "Q  And what source are you receiving

9              them from?  In other words, are they

10             from the state or federal benefits?

11             That's what I mean by "source."

12   BY MR. McNAUGHT:

13       Q   Ms. Evans, are you following your attorney's

14   instruction and refusing to answer that question?

15       A   Yes.

16           MR. McNAUGHT:  Can you mark the question,

17   please.

18   BY MR. McNAUGHT:

19       Q   Other than support from family, financial

20   support from family, and the disability payments you

21   referenced but will not further identify for me, are

22   there any other forms of financial support upon which you

23   have been relying to live since you left Baxter in early

24   January of 2011?

25       A   No.

61

1       IN WITNESS WHEREOF, I have subscribed my name

2   this 2nd day of April, 2013.

3

4   _____

5   LANA L. LOPER, RMR, CRR, CCP, CME, SCR, CSR 9667

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

137