# SEYFARTH SHAW LLP
**ATTORNEYS**

560 Mission Street, 31st Floor
San Francisco, California 94105
(415) 397-2823
fax (415) 397-8549
www.seyfarth.com

Writer's direct phone
(415) 544-1022

Writer's e-mail
amcnaught@seyfarth.com

June 25, 2013

Hon. Kandis A. Westmore
United States District Court, Northern District of California
Oakland Courthouse, Courtroom 4 - 3rd Floor
1301 Clay Street, Oakland, CA 94612

Re: **_Evans v. Baxter Healthcare Corporation_**
    **Case No. CV-12-04919-YGR**

Dear Judge Westmore:

Pursuant to Paragraph 12 of your Standing Order, Defendant Baxter Healthcare Corporation ("Baxter") and Plaintiff Kate Evans ("Plaintiff") submit the attached joint letter regarding the Parties' discovery dispute. The parties attest that they met and conferred by telephone on June 20, 2013 regarding this issue, and have previously met and conferred on it in-person and multiple times in writing, as well as filing a previous joint letter encompassing this issue with Judge Rogers.

Thank you for your attention to this matter.

Sincerely,

LAW OFFICES OF ANDREW H. LEE                SEYFARTH SHAW LLP


/s/ _Andrew H. Lee_                          /s/ _Andrew M. McNaught_
Andrew H. Lee                                Andrew M. McNaught
Attorneys for Plaintiff                      Attorneys for Defendant
Kate Evans                                   Baxter Healthcare Corporation

15797219v.1
THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK



## BAXTER'S POSITION

For a second time, Plaintiff has now unreasonably forced Defendant to seek this Court's assistance to obtain her relevant psychological and medical records, to which Baxter is entitled pursuant to its valid subpoenas. Plaintiff is a former employee of Defendant Baxter Healthcare Corporation ("Baxter") whose employment ended as a result of a reduction in force. Plaintiff alleges twelve claims against Baxter, including several asserting that Baxter discriminated against her based on a disability. Significantly, Plaintiff describes her alleged disability as follows: "In or about September 2010, **due to ongoing inappropriate offensive, and discriminatory actions and hostile work environment, Plaintiff was diagnosed with severe emotional distress.**" (Compl. at ¶ 17 [emphasis added].) Plaintiff also alleges an intentional infliction of emotional distress ("IIED") claim, a negligent infliction of emotional distress ("NIED") claim, and seeks damages for "severe, extreme, and ongoing emotional distress." (*See, e.g., id.* at ¶¶ 36 [past/future emotional anguish], 44 [same], 76 [same], 107-112 [IIED claim], 113-118 [NIED claim].) Plaintiff also seeks economic damages for lost income. (*See, id.* at Prayer ¶ 2.)¶

## I.    Pertinent Factual Background and Unresolved Disputes

### A.    Factual Background

Given the obvious significance of Plaintiff's emotional state to *both liability and damages issues*, on January 10, 2013, Baxter requested a release for her medical and psychological records from Dr. Rudolfo Morales, the doctor who diagnosed Plaintiff with "severe emotional distress," which she alleged Baxter caused. On January 7, 2013, Baxter also requested documents from Plaintiff, including several categories to which her medical and psychological records would be responsive. (Ex. A at RPDs 48-51.) On February 20, 2013, Baxter noticed Plaintiff's deposition for March 26 and 27, 2013 and requested the same documents. (Ex. B.) On February 26, 2013, Plaintiff responded to Baxter's written discovery requests - after Baxter granted her an extension. (Ex. C.) Notably, Plaintiff produced only seven pages of documents, and she did not produce any responsive medical or psychological records - even though she said that she would, and *failed to object to these requests.* (Ex. C at RPDs 48, 49, & 51.) Plaintiff did, however, object to the request asking for correspondences related to treatment for emotional distress based on privilege, work-product, and privacy. (Ex. C at RPD 50.) Notably, Plaintiff's interrogatory responses indicated that she received treatment from two doctors, Rudolfo Morales, MD, Psychiatry, and Ruel Garcia, MD, a GI specialist, who treated stomach pains and ulcers allegedly caused by Baxter's discrimination. But Plaintiff still refused to sign the release.

On March 1, 2013, Baxter requested the release again. Plaintiff responded on March 4 by claiming privacy, requesting that Baxter draft a protective order, and asserting (for the first time) that the release should not cover communications between her counsel and doctors or release sexually transmitted disease information. A long meet and confer process followed, whereby Plaintiff refused to sign a stipulated protective order because it allowed Baxter's in-house counsel to view the records. She still refused to sign the release, claiming privacy.[1] Rather, she proposed sending selected records to Baxter, with her redactions. Baxter declined that offer because it would allow Plaintiff to cherry-pick and send only documents she believes relevant. Plaintiff also offered to convert her emotional distress damages claim to only "garden-variety" emotional distress. Baxter rejected that proposal since it does not address the relevance of the

---

[1] Plaintiff's refusal to sign the release is totally disingenuous. Prior to this litigation, she signed an almost identical release for the DFEH so that it could investigate the merits of her disability discrimination claims. (Ex. D.)



records to the liability issues related to her alleged disability, and the deadline to amend pleadings has passed.

On March 4 and 5, 2013, Baxter served subpoenas on Drs. Morales and Garcia, respectively. Plaintiff's counsel called both doctors and wrote them letters directing them not to produce the records, but Plaintiff failed to file a motion to quash the subpoenas. Neither doctor objected to the subpoenas. To date, presumably due to Plaintiff's unwarranted obstruction, neither doctor has produced their records. On March 22, 2013, the parties met and conferred in person regarding the production of Plaintiff's records. But Plaintiff still would not agree to produce her records.

To keep this case progressing, on March 26, 2013, Baxter started Plaintiff's deposition. Plaintiff once again did not object to any of the document requests in her deposition notice, but she still did not produce any documents. (Ex. E at 14:25-15:18.) Notably, in her deposition, Plaintiff testified as follows:

> Mr. McNaught: . . . Are you currently employed?
> Plaintiff: I am not currently employed.
> Mr. McNaught: Do you suffer from any medical condition that you believe would preclude you from being employed full time?
> Plaintiff: Yes.
> Mr. McNaught: And will you identify the medical condition for me?
> Plaintiff: Nope. (Ex. E at 37:14-23.)

On April 10, 2013, the parties filed their first joint letter regarding the production of Plaintiff's records. (DKT No. 20.) On April 11, 2013, Plaintiff finally agreed to a stipulated protective order, which has been filed. (DKT No. 21.) After referral from Judge Rogers, this Court issued an order regarding the parties' letter on April 16, 2013. (DKT No. 25.) As to Plaintiff's records, the Court ruled that "the disputes regarding Plaintiff's refusal to produce her medical and psychological records on privacy grounds **may and should be resolved by the proposed stipulated protective order...**" (*Id.* at p. 1:18-20[emphasis added].) The Court also instructed the parties to address the effect of the proposed protective order on any remaining discovery disputes in future briefing. (*Id.* at pp. 1:27-2:2.)

Since the Court's order, the parties have engaged in additional meet and confer efforts (several phone calls, letters, and emails). Plaintiff has never explained why she should be allowed to withhold her records in light of the protective order on file. Although Baxter considered the possibility of stipulating to Plaintiff's request to convert her emotional distress claims to "garden-variety" claims and dismissing her IIED and NIED claims, no stipulation was reduced to writing. After reviewing Plaintiff's deposition testimony that she has a medical condition which prevents her from obtaining full-time employment, it became clear that Baxter could not enter into such a stipulation and adequately prepare a defense because the requested records are relevant not only to her emotional distress claims and substantive claim for disability discrimination, but also to her claim for economic damages and mitigation efforts, or lack thereof. Baxter sent further meet and confer correspondence on the issue. Once again, Plaintiff offered to produce only redacted records of her choosing, even though Baxter already declined that proposal. On June 20, 2013, the parties met and conferred by telephone one last time, but could not resolve their disagreement.

## B. Unresolved Disputes

The only unresolved dispute at issue is Plaintiff's ongoing refusal to produce her psychological and


medical records, and her refusal to sign a release so that Baxter can obtain them from her medical providers pursuant to its valid records subpoenas.

## II.    Summary of Baxter's Position And Final Compromise Efforts

### A.    Plaintiff Never Provided Justification For Failing To Produce The Records In Light Of The Stipulated Protective Order.

As noted above, in its prior order (DKT No. 25), this Court observed, "the disputes regarding Plaintiff's refusal to produce her medical and psychological records **may and should be resolved by the proposed stipulated protective order**." (*Id.* at 1:18-20 [emphasis added].)

In the subsequent meet and confer efforts, Plaintiff has never explained how she can possibly justify her refusal to produce these records in light of the protective order now on file. Simply put, as discussed below, she cannot. Baxter agrees with the Court that Plaintiff should produce all of the records subject to the stipulated protective order and sign a release for such records to be produced by the providers pursuant to the subpoenas.

### B.    Plaintiff Agreed To Produce The Records And Waived All Objections To The Production Of The Records, Including Privilege And Privacy Objections.

It is well-established that failing to raise an objection in response to a request for production of documents constitutes a waiver of the objection, including privilege objections. *Richmark v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). The Court can order a Plaintiff to sign a records release under Rule 34. *J.J.C. v. Fridell*, 165 F.R.D. 513, 517 (D. Minn. 1995).

Plaintiff has failed to raise any privacy or privilege objections in response to Baxter's Requests for Production of Documents Nos. 48, 49, and 51, which directly request Plaintiff's medical and psychological records. Even worse, **Plaintiff expressly agreed to produce these records in her responses to these document requests**. Moreover, Baxter requested that Plaintiff produce the exact same documents when it noticed Plaintiff's deposition. Plaintiff again failed to object to the production of the documents and did not produce the records at her deposition. Thus, absolutely no justification exists for Plaintiff's failure to produce these records, copies of which are in her possession, custody, and control, as she has informed Baxter. Plaintiff has never provided any lawful reason for her failure to produce these records because she cannot. Therefore, Baxter requests that the Court order Plaintiff to produce these records and also to sign a release permitting the third party custodian doctors to produce the records.

### C.    Plaintiff Failed To File A Motion Timely Motion To Quash Baxter's Subpoenas.

Objections to subpoenas must be raised before the time specified for compliance with a subpoena. Fed. R. Civ. P. 45(c)(2)(B). Failure to serve timely objections to a subpoena waives all grounds for objection, including privilege. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). Similarly, any motion to quash a subpoena must be timely. Fed. R. Civ. P. 45(c)(3)(A). Motions to quash must be heard and granted before the specified time for compliance with a subpoena. *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983); *see also, Pinoche Mines Consol, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964)(motions seeking relief from discovery obligations must be ruled upon before a party is relieved of discovery obligations).


ATTORNEYS

Perhaps even worse than her ongoing refusal to comply with Baxter's direct requests for these records is Plaintiff's deliberate and unjustified interference with Baxter's efforts to obtain them directly from her medical providers. Indeed, neither provider served a timely objection to the production of the records. Plaintiff herself did not, and now cannot, file a timely motion to quash the subpoenas. Thus, all privilege objections to the production of these records have once again been waived. Nonetheless, Plaintiff called the providers and wrote them misleading letters baselessly directing them not to produce the records. To date, the providers still have not produced the records.

### D. Even If Plaintiff Asserted A Privilege Objection, Plaintiff Waived Privilege By Filing This Lawsuit And Placing The Content Of These Records In Controversy.

#### 1. The Records Are Directly Relevant To Plaintiff's Disability Discrimination Claims And Her Severe, Extreme, And Ongoing Emotional Distress Claims.

In diversity jurisdiction cases such as this, state law governing privilege applies. Fed. R. Evid. 501. Under California law, no privilege or privacy exists where the plaintiff has placed her emotional state and the content of any communication with her medical providers squarely in controversy. Cal. Evid. Code §§ 996, 1106; *see Palay v. Sup. Ct.*, 18 Cal.App.4th 919, 933-34 (1993).

Similarly, although decided under federal privilege law, several federal courts have made similar findings, especially where, as here, the records may prove an element of the plaintiff's claim. For example, in *Sarko v. Penn-Del Dir. Co.*, 170 F.R.D. 127, 130-131 (E.D. Penn 1997), the Court found that an employer was entitled to the employee's psychological records in a case alleging disability discrimination where the employee's alleged disability was depression. Likewise, in *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (C.D. Cal. 1999), the Court found that there was no privilege in cases where, as here, the plaintiff relies upon her mental condition as an element of her claim.

Here, in several ways, Plaintiff waived any privilege in her psychological records by filing this lawsuit. First, the records are directly relevant to determining liability as to Plaintiff's disability discrimination claims because Plaintiff must prove her disability, *which she claims Baxter caused. See, Brundage v. Hahn*, 57 Cal.App.4th 228, 236 (1997). Plaintiff cannot genuinely contend that they are irrelevant to these claims, especially considering her willingness to sign a release for the records to the DFEH when it investigated her disability discrimination claim. Second, the records are also directly relevant to determining liability for her IIED and NIED claims. Proving that the plaintiff suffered severe emotional distress as a result of the defendant's conduct is an element of these claims. *See, e.g., Davidson v. City of Westminister*, 32 Cal.3d 197, 209 (1982) (IIED). Accordingly, the content of these records is plainly relevant and in controversy.

Finally, Plaintiff's post-employment records are directly relevant to Plaintiff's emotional distress damages claims. Indeed, Plaintiff claims that she suffered "severe, extreme, and ongoing" emotional distress as a result of Baxter's alleged discrimination against her. Her deposition testimony that she has a condition preventing her from now obtaining full-time employment is consistent with that allegation. Therefore, not only are Plaintiff's records directly relevant to liability issues, but they are also directly relevant to Plaintiff's emotional distress damages claims. Baxter has no other way to obtain this information other than through Plaintiff's treatment history. Therefore, the Court should order Plaintiff to allow Baxter access to these records so that its due process rights are not violated and it can adequately prepare defenses to Plaintiff's claims.



### 2. The Records Are Also Directly Relevant To Plaintiff's Claimed Economic Damages And Her Duty To Mitigate Such Damages.

By her own sworn testimony, Plaintiff's medical and psychological records are directly relevant to the issue of whether she has adequately mitigated her economic damages. Indeed, a plaintiff cannot be compensated for damages which she could have avoided by reasonable efforts. *Green v. Smith*, 261 Cal.App.2d 392, 396 (1968). Reasonable diligence depends upon *all the facts and circumstances of each case. Christiansen v. Hollings*, 44 Cal.App.2d 332, 3346 (1941)(emphasis added).

Plaintiff testified, under penalty of perjury, that she has a medical condition that she claims prevents her from obtaining full-time employment. Accordingly, Baxter must have access to Plaintiff's psychological and medical records (including her post-employment records) to assess whether her efforts to obtain employment are reasonable in light of Plaintiff's claimed medical condition, which she has refused to disclose. As such, even if Plaintiff amended her complaint to seek only "garden-variety" emotional distress damages, Baxter still could not evaluate, without her post-employment medical records, whether Plaintiff has adequately mitigated her purported economic damages. Since there is now a stipulated protective order on file, there is simply no valid reason for Plaintiff to continue obstructing Baxter's legitimate discovery of these records.

### E. Compromise Efforts

Plaintiff's final "compromise" offer was to produce all records, but redact information that she believed was "irrelevant" or immaterial and suggested providing all the records to the Court for *in camera* review prior to any production. Baxter rejected this offer for several reasons. First, it is manifestly unfair to allow Plaintiff to selectively choose what records Baxter can see. Second, it further delays the process, burdens the Court, and unfairly places the Court in the role of psychotherapist and doctor. Baxter's expert psychiatrist, and Plaintiff's if she retains one, should be the only entities making medical determinations as to which medical and psychological records are relevant to the claims and defenses in this case. Plaintiff also stated that she would stipulate to convert her emotional distress claims into "garden-variety" claims and dismiss her IIED and NIED claims. However, Plaintiff has not done so. The current allegations in the complaint plainly make her records relevant and the time to amend her complaint has passed. (DKT No. 17 at 1 [1/19/13 last day to amend pleadings].) Further, such an amendment would be disingenuous in light of her deposition testimony that she suffers from a medical condition that she claims prevents her from working full time, yet which she refuses to identify.

## V. Conclusion

Plaintiff cannot have it both ways. She cannot make claims placing her mental state squarely at issue and then seek to block Baxter's legitimate discovery efforts. Baxter cannot sacrifice its due process rights by permitting Plaintiff to block access to critical information necessary to prepare its defenses. The Court should not allow her to do so, either. Therefore, Baxter requests that the Court order Plaintiff to produce all of the medical and psychological treatment records in her possession in unredacted form, under the protective order, and without previous *in camera* review. Baxter also requests that the Court order Plaintiff to sign a release for these records so that it can obtain the records directly from her providers pursuant to its valid records subpoenas, to which Plaintiff nor either of the providers has properly and timely objected.


ATTORNEYS SHAW LLP

## PLAINTIFF'S POSITION

### Plaintiff's Introduction of Unresolved Disputes and Relevant Factual Background:

#### I.    Unresolved Dispute:

The sole issue presented to the Court is as follows:

Defendant seeks to obtain Plaintiff's medical and psychiatric records. The parties disagree as to the nature, extent, and scope of records that Defendant is entitled to in light of the highly confidential, sensitive, and private nature of those records. Further, certain aspects of Plaintiff's medical records are immaterial and irrelevant to her present claims.

Plaintiff is agreeable to providing the medical records in question (i.e., Dr. Alex Morales, psychiatrist; and Dr. Raul Garcia, San Jose Gastroenterology) subject to *in camera* review by the Court prior to disclosure. Defendant objects to *in camera* review and seeks to obtain all records without redaction and without limitation.

#### II.    Relevant Factual Background:

The parties had previously filed a joint discover letter brief regarding this issue. Following the Court's Order dated April 16, 2013, to further meet and confer, the parties engaged in meaningful discussions and ultimately agreed to limit the scope of the subject medical records to Plaintiff's employment period only. In exchange, Plaintiff would file an amended complaint dismissing her claims for intentional and negligent infliction of emotional distress and amending certain language in the complaint dealing with the severity of her emotional distress.

Pursuant to the parties' agreement, on May 17, 2013, Plaintiff provided a copy of the proposed First Amended Complaint with the agreed-upon changes to Defendant's counsel. Defendant's counsel acknowledged receipt of the same and advised that he would reply with the proposed stipulations to be filed with the Court regarding the filing of the Amended Complaint.

Since May 17th, the parties completed mediation on June 7, 2013, and some additional written discovery was supplied by Defendant in response to Plaintiff's request for production of documents. On June 11, 2013, Defendant's counsel advised Plaintiff for the very first time that Defendant was no longer agreeable to the stipulation regarding the disclosure of medical records, and that Defendant had reverted to its original position of requesting full disclosure of the medical records in question.

On June 19, 2013, in an attempt to reach a fair resolution and in response to Defendant's sudden vacation of the parties' earlier agreement on the issue, Plaintiff advised Defendant that she had agreed to the disclosure of records from Drs. Morales and Garcia; however, subject to redaction of non-relevant and immaterial records. Plaintiff further proposed that the full records of both medical providers be provided to the Court for *in camera* review subject to Plaintiff's redaction request of certain information.

Defendant objected to Plaintiff's proposal, stating that Defendant was entitled to the full production of the records and that the Court was not in the best position to make determinations regarding "relevancy," and that the parties' respective expert psychiatrists were in the best position to make relevancy determinations.



**Plaintiff's Final Position and Legal Authority**

I.     **Plaintiff agrees to the disclosure of medical records from Dr. Morales and Dr. Garcia subject to in camera review as the records contain information which is irrelevant, immaterial, and highly personal and private.**

Defendant seeks medical records both from Plaintiff's psychiatrist and internist for the period from October 2008 to the present. The nature, extent, and duration of records sought by Defendant are limitless and without restriction. Essentially, Defendant seeks any and all records of any kind from these two providers during the last 4 ½ years.

While the parties have entered into a stipulated protective order signed by the Court on April 15, 2013, assuring the privacy of confidential information including Plaintiff's medical records, the protective order does not squarely address the issue of whether certain information is discoverable in the first instance to be subject to the protective order, namely, certain information contained within Plaintiff's medical records.

II.    **Plaintiff's claims of privilege are governed by California privilege laws.**

Claims of privilege in diversity actions are governed by California privilege laws. See Fed.R.Evid. 501. As recognized by the California Supreme Court, California has enacted "a broad, protective psychotherapist-patient privilege" to promote "an environment of confidentiality of treatment [that] is vitally important to the successful operation of psychotherapy." *In re Lifschutz* (1970) 2 Cal.3d 415, 422. The psychotherapist-patient privilege provides that a "patient, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and psychotherapist." Cal.Evid.Code 1014. "[A] patient's interest in keeping such confidential revelations from public purview, in retaining this substantial privacy, has deeper roots than the California statute and draws sustenance from our constitutional heritage." *Lifschutz*, 2 Cal.3d at 431. "[T]he confidentiality of the psychotherapeutic session falls within one" of the "zones of privacy" guaranteed by the Bill of Rights. *Id.* at 431-32 (case citation omitted).

The Supreme Court created the psychotherapist-patient privilege in the Federal Rules of Evidence in the case of *Jaffee v. Redmond* (1996) 518 US 1. The Court noted that unlike a medical doctor who can rely on objective information, "[e]ffective psychotherapy ... depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Id.* at 10. "Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace." Id. The psychiatrist's ability to help the patient is "completely dependent upon the patients' willingness and ability to talk freely." *Id.* (quotations omitted)

The Court also concluded that the privilege served a public interest because it facilitates "the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem. The mental health of our citizenry, no less than its physical health, is a public good of transcendent importance." *Id.* at 11 (footnote omitted). By contrast, "[i]f the privilege were rejected, confidential conversations between psychotherapists and their patients would surely be chilled, particularly when it is obvious that the circumstances that give rise to the need for treatment will probably result in litigation." *Id.* at 11-12.



While Plaintiff understands that she has waived certain aspects of her privilege to medical records which are relevant and material to the issues in her complaint, the exception to this privilege is not absolute or wholesale. The Court in *Lifschutz* addressed this concern:

> In interpreting this exception [courts should be] mindful of the justifiable expectations of confidentiality that most individuals seeking psychotherapeutic treatment harbor." *Id.* at 431. If the patient-litigant exception is given too broad an effect ... it might effectively deter many psychotherapeutic patients from instituting any general claim for mental suffering and damage out of fear of opening up all past communications to discovery. This result would clearly be an intolerable and overbroad intrusion into the patient's privacy, not sufficiently limited to the legitimate state interest embodied in the provision and would create an opportunity for harassment and blackmail. *Id* at 435.

> [C]ommunications which are not directly relevant to those specific conditions do not fall within the terms of [Cal.Evid.Code] section 1016's exception and therefore remain privileged. Disclosure cannot be compelled with respect to other aspects of the patient-litigant's personality, even though they may, in some sense, be 'relevant' to the substantive issues of litigation. The patient thus is not obligated to sacrifice all privacy to seek redress for a specific mental or emotional injury; the scope of the inquiry permitted depends upon the nature of the injuries which the patient-litigant himself has brought before the court. *Id.* at 435.

*See also Doe v. City of Chula Vista* (1999) 196 F.R.D. 562, 569; *Vasconcellos v. Cybez Int'l, Inc.* (1997) 962 F.Supp. 701. In *Vasconcellos, supra,* the court acknowledged that plaintiff had raised serious concerns that the disclosures would adversely affect her treatment by destroying the confidentiality of her relationship with her therapist. In light of the policy concerns behind the privilege, the court found that plaintiff had "a right to have discovery limited to information that is directly relevant to the lawsuit." *Id.* at 709. The court would prevent defendants from conducting a "fishing expedition," and would limit the scope of inquiry to whether, and to what extent, the alleged misconduct caused plaintiff to suffer emotional harm. *Id.*

### III.    The Court has broad discretionary powers to order in camera review of Plaintiff's medical records.

Defendant apparently will take the position that it has stated to Plaintiff in that the Court was not in the best position to make determinations regarding "relevancy," and that the parties' respective expert psychiatrists were in the best position to make relevancy determinations.

However, relevancy alone is insufficient when a privilege applies. To hold that a privileged confidential communication should be disclosed in discovery simply because it is relevant to the issues in dispute would essentially ameliorate the psychotherapist-patient privilege. *Buchholtz v. Rogers Benefit Group, Inc.* (S.D.Cal. 2013) 2013 WL 1694830, p.9.

In the current situation, the Court is in the best position to determine whether some or all of Plaintiff's subject medical records are required to be disclosed. Case law is replete with the Court's *in camera* review of medical records due to the Plaintiff's concerns including privacy and irrelevancy. *See*



*Slagle v. Superior Court* (1989) 211 Cal.App.3d 1309, 1315 ("If petitioner fears that the medical records ordered produced will reveal information not relevant to the condition of his eyesight at the time of the accident, he may request an in camera inspection of the records to segregate the irrelevant information."); *Saddleback Community Hospital v. Superior Court* (1984) 158 Cal.App.3d 206, 209 ("[W]here an exception to a privilege depends on the content of a communication, the court may require disclosure in camera in making its ruling.") (Case citation omitted); *Enwere v. San Mateo Mental Health* (N.D.Cal.2010) 2010 WL 5153177, p.3.

IV. **Plaintiff seeks *in camera* review of the subject medical records from her psychiatrist and her internist as these records contain information which is irrelevant, immaterial, highly personal, private, and embarrassing to Plaintiff.**

In *City of Chula Vista, supra,* the court concluded that "the magistrate should act as a gatekeeper of any and all evidence relating to Doe's medical history. The parties should first narrow their requests so as not to burden the magistrate with voluminous medical records. The court concludes that any such medical records should be submitted *in the first instance to the magistrate judge under seal for in camera review*. The magistrate may review the materials to determine if, and to what extent, the evidence is relevant to Doe's claim for emotional distress damages. Upon completing the *in camera* screening, the magistrate may then release the discovery to the parties." *City of Chula Vista*, 196 F.R.D. at 570.

Plaintiff Evans requests that her subject medical records be produced to the Court for *in camera* review first, and then disclosed to the parties following the Court's review.

END.

# Exhibit A

*Exhibit A*

SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
E-mail: amcnaught@seyfarth.com
Michael A. Wahlander (SBN 260781)
E-mail: mwahlander@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
BAXTER HEALTHCARE CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE EVANS, | Case No. 4:12-CV-04919-YGR |
| Plaintiff, | **DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS TO PLAINTIFF - SET ONE** |
| v. | |
| BAXTER HEALTHCARE CORPORATION, and DOES 1 to 50, inclusive, | |
| Defendants. | |

**PROPOUNDING PARTY:**      Defendant Baxter Healthcare Corporation

**RESPONDING PARTY:**      Plaintiff Kate Evans

**SET NUMBER:**      One (1)

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Baxter Healthcare Corporation ("Defendant") hereby propounds the following Request for Production of Documents and/or Tangible Things, Set One ("Requests"), to Plaintiff Kate Evans ("Plaintiff"). Defendant requests that Plaintiff respond to the following Requests and also produce responsive documents and/or tangible things to Defendant for inspection and copying, within thirty (30) days from the date of service of these Requests as required by the Federal Rule of Civil Procedure, Rule 34.

## DEFINITIONS

As used in these Requests, the following words have the following meanings. Please refer to these definitions to assure a full and complete response.

1

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

Any employment contracts, employment agreements, or proposals of such offered to YOU by anyone or by any entity since YOUR employment with DEFENDANT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

All DOCUMENTS comprising or pertaining to all medical records relating to any physical or emotional injury YOU allege YOU experienced as a result of the conduct alleged in the COMPLAINT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

All medical records that support, refer, and/or relate to any treatment received by YOU for emotional distress (which includes stress, or any other mental, psychological or psychiatric condition), for a period of time commencing five (5) years before the present up to and including the date YOUR response to these requests.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

All correspondence or other communications that support, refer, and/or relate to any treatment received by YOU for emotional distress (which includes stress, or any other mental, psychological or psychiatric condition), for a period of time commencing five (5) years before the present up to and including the date YOUR response to these requests.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

All bills that support, refer, and/or relate to any treatment YOU received for emotional distress (which includes stress or any mental, psychological or psychiatric condition), for a period of time commencing five (5) years before the present up to and including the date YOUR response to these requests.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:**

All DOCUMENTS that support, refer, and/or relate to any other lawsuits, administrative charges, or any other complaints made by YOU, or made by others on YOUR behalf, related to YOUR employment with DEFENDANT including, but not limited to, deposition and hearing transcripts, opinions, orders, judgments, settlement and/or release agreements, and drafts thereof.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 59:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to "Special and Compensatory Damages including loss of income" as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to "Punitive Damages" as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 61:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to "Statutory damages" as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 62:**

All DOCUMENTS supporting YOUR contention that YOU are entitled to liquidated damages pursuant to Labor Code § 1197.5 as alleged in YOUR COMPLAINT.

DATED: January 7, 2013                    SEYFARTH SHAW LLP

By _____
                    Andrew M. McNaught
                    Michael A. Wahlander

                    Attorneys for Defendant
                    BAXTER HEALTHCARE CORPORATION

15141896v.1

DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS, SET ONE
CASE NO. 4:12-CV-04919-YGR

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                                  )    ss

COUNTY OF SAN FRANCISCO    )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On January 7, 2013, I served the within document(s):

DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS TO PLAINTIFF - SET ONE

☐    I sent such document from facsimile machines (415) 397-8549 on January 7, 2013. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below

☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Andrew H. Lee
Law Office of Andrew H. Lee
2021 The Alameda, Suite 310
San Jose, CA 95126

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 7, 2013, at San Francisco, California.

_____
Elisabeth L. Egan

PROOF OF SERVICE

14858377v.1

# Exhibit B

*Exhibit B*

SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Michael A. Wahlander (SBN 260781)
mwahlander@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:     (415) 397-2823
Facsimile:      (415) 397-8549

Attorneys for Defendant
BAXTER HEALTHCARE CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KATE EVANS, | Case No. 4:12-CV-04919-YGR |
| Plaintiff, | **SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF PLAINTIFF KATE EVANS AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| BAXTER HEALTHCARE CORPORATION, and DOES 1 through 50, inclusive, | |
| Defendants. | |

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that defendant BAXTER HEALTHCARE CORPORATION will take the deposition of plaintiff KATE EVANS on **March 26 and 27, 2013**, commencing at 10:00 a.m. on each day at the Law Offices of Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, CA 94105, telephone: (415) 397-2823.

This deposition shall continue from day to day, thereafter, including weekends and holidays, until the deposition is completed, and will be upon oral examination before a certified court reporter, recorded stenographically, may be videotaped, and may include the instant visual display for the testimony.

/ /

/ /

1 | //

## REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE FURTHER NOTICE that Plaintiff is directed to bring to her deposition the documents in her custody, possession or control as described on Attachment 1 hereto.

DATED: February 20, 2013

SEYFARTH SHAW LLP

By: _____
    Andrew M. McNaught
    Michael A. Wahlander

Attorneys for Defendant
BAXTER HEALTHCARE CORPORATION

2

# ATTACHMENT 1

# DEFINITIONS

As used in these Requests, the following words have the following meanings. Please refer to these definitions to assure a full and complete response.

1.    The terms "YOU," "YOUR" and "PLAINTIFF" refer to plaintiff Kate Evans and all of her agents, representatives, attorneys, or any other person authorized to act on her behalf.

2.    The term "DEFENDANT" refers to defendant Baxter Healthcare Corporation.

3.    As used herein, "DOCUMENT" or "DOCUMENTS" shall mean "writing" as that term is defined in California Evidence Code Section 250, and shall include, without limitation, the original, or, if the original is not reasonably within the possession, custody and/or control of Plaintiff, a copy thereof. "DOCUMENT" or "DOCUMENTS" shall include, but are not limited to, handwritten, typewritten, printed, photostatted, photographed, and/or recorded items such as, for example, letters, memoranda, e-mails, tapes, tape recordings, computer discs, telegrams, contracts, notes, books, financial statements, tax returns, drafts, records, maps, drawings, photographs, voice-mail records, transcripts of tape recordings, correspondence, telexes, telecopies, facsimiles, publications, agreements, insurance policies, papers, reports, calendars, diaries, statements, corporate minutes, ledgers, summaries, agendas, work orders, repair orders, bills, invoices, receipts, estimates, evaluations, personnel files, diplomas, certificates, instructions, manuals, bulletins, advertisements, periodicals, accounting records, checks, check stubs, check registers, canceled checks, money orders, negotiable instruments, data processing cards, and electronic, magnetic and digital media of any form (including any copies of all such DOCUMENTS where such copy contains any commentary, notation, mark or matter of any kind whatsoever that does not appear on the original). If any DOCUMENT requested herein was, but no longer is, in YOUR possession, custody and/or control, then state what disposition was made of it in YOUR response.

4.    The term "COMPLAINT" shall mean the operative complaint in the action, filed on August 14, 2012 in the Superior Court of the State of California, County of Alameda, Case

3

1    No. RG12643588, removed to the United States District Court, Northern District of California,

2    now Case No. 4:12-CV-04919-YGR.

3         5.     The terms "CONCERNS" or "CONCERNING" include referring to, alluding to,

4    responding to, relating to, connected with, commenting on, in respect of, about, regarding,

5    discussing, showing, describing, mentioning, reflecting, analyzing, constituting, pertaining to

6    and/or comprising.

7         6.     The term "PERSON" refers to any individual, corporation, partnership, employer,

8    business organization, and/or governmental entity.

**INSTRUCTIONS**

9

10         1.     In producing DOCUMENTS and things, indicate the particular request to which a

11    produced DOCUMENT or thing is responsive.

12         2.     In producing DOCUMENTS and things, furnish ALL DOCUMENTS or things

13    known or available to YOU, regardless of whether such DOCUMENTS or things are possessed

14    directly by YOU or YOUR agents, employees, representatives, investigators or by YOUR

15    attorneys or their agents, employees, representatives or investigators.

16         3.     If any requested DOCUMENT or thing cannot be produced in full, produce to the

17    extent possible, specifying each reason for YOUR inability to produce the remainder and stating

18    whatever information, knowledge or belief YOU have CONCERNING the un-produced portion

19    and the expected dates on which full production can be completed.

20         4.     If any DOCUMENTS or things requested were in existence but are no longer in

21    existence, then so state, specifying for each DOCUMENT or thing:

22         a.     The type of DOCUMENT or thing;

23         b.     The type(s) of information contained therein;

24         c.     The date upon which it ceased to exist;

25         d.     The circumstances under which it ceased to exist; and

26         e.     The identity of all persons having knowledge or who had knowledge of the

27    contents thereof.

28

4

5.    These requests for production of DOCUMENTS and things are deemed to be continuing. If, after producing DOCUMENTS and things, YOU then obtain or become aware of any further DOCUMENTS, things or information responsive to any of these requests, YOU are required to produce to Defendant such additional DOCUMENTS and things, or to provide Defendant with such additional information.

6.    File folders with tabs or labels identifying DOCUMENTS called for by these requests must be produced intact with such DOCUMENTS.

7.    DOCUMENTS attached to each other should not be separated.

8.    In lieu of producing originals or copies thereof responsive to these requests, YOU may, at YOUR option, submit legible photographic or other reproductions of such DOCUMENTS, provided that the originals or copies from which such reproductions were made are retained by YOU until the final disposition of this litigation.

9.    In the event that YOU seek to withhold any DOCUMENTS, things, or information on the basis that it is properly subject to some limitation of discovery, YOU shall supply Defendant with a list of the DOCUMENTS and things for which limitation of discovery is claimed, indicating:

a.    The name of each author, writer, sender or initiator of such DOCUMENT or thing, if any;

b.    The name of each recipient, addressee or party for whom such DOCUMENT or things was intended, if any;

c.    The date of such DOCUMENT, if any, or estimate thereof, and so indicated it is an estimate;

d.    The general subject matter as described on such DOCUMENT, or, if no such description appears, then such other description sufficient to identify said DOCUMENT;

e.    The claimed grounds for limitation of discovery (e.g. "attorney-client privilege" or "attorney-work product").

10.    YOU ARE HEREBY NOTIFIED that at the commencement of the trial of this case, Defendant will ask the Court for an Order precluding you from introducing any evidence

5

1    relating to the subject matter of these requests which has not been disclosed by the responses

2    and/or documents to these requests.

3    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

4    **DOCUMENT REQUEST NO. 1:**

5      All DOCUMENTS in YOUR possession, custody or control that YOU provided to any

6    employee, ex-employee, officer, or agent of DEFENDANT at any time.

7    **DOCUMENT REQUEST NO. 2:**

8      All DOCUMENTS in YOUR possession, custody or control that YOU received from any

9    employee, ex-employee, officer, or agent of DEFENDANT at any time.

10    **DOCUMENT REQUEST NO. 3:**

11      All notes and any other DOCUMENTS in YOUR possession, custody or control that

12    support or relate to YOUR claims as alleged in the COMPLAINT.

13    **DOCUMENT REQUEST NO. 4:**

14      All DOCUMENTS in YOUR possession, custody or control that constitute or refer to any

15    oral or written CORRESPONDENCE between YOU and any employee, ex-employee, officer, or

16    agent of DEFENDANT.

17    **DOCUMENT REQUEST NO. 5:**

18      All written or tape-recorded statements of any parties or witnesses to the allegations

19    contained in the COMPLAINT.

20    **DOCUMENT REQUEST NO. 6:**

21      All DOCUMENTS that YOU have IDENTIFIED in YOUR responses to DEFENDANT'S

22    special interrogatories, served on YOU herewith.

23    **DOCUMENT REQUEST NO. 7:**

24      All DOCUMENTS supporting YOUR contention that DEFENDANT engaged in

25    disability discrimination in violation of California Government CODE § 12940(a) as alleged in

26    YOUR COMPLAINT.

27    **DOCUMENT REQUEST NO. 8:**

28      All DOCUMENTS supporting YOUR contention that DEFENDANT engaged race and

6

1  work, jobs, or any other self-employment during YOUR employment with DEFENDANT to the

2  present.

3  **DOCUMENT REQUEST NO. 47:**

4      Any employment contracts, employment agreements, or proposals of such offered to YOU

5  by anyone or by any entity since YOUR employment with DEFENDANT.

6  **DOCUMENT REQUEST NO. 48:**

7      All DOCUMENTS comprising or pertaining to all medical records relating to any

8  physical or emotional injury YOU allege YOU experienced as a result of the conduct alleged in

9  the COMPLAINT.

10 **DOCUMENT REQUEST NO. 49:**

11      All medical records that support, refer, and/or relate to any treatment received by YOU for

12 emotional distress (which includes stress, or any other mental, psychological or psychiatric

13 condition), for a period of time commencing five (5) years before the present up to and including

14 the date YOUR response to these requests.

15 **DOCUMENT REQUEST NO. 50:**

16      All correspondence or other communications that support, refer, and/or relate to any

17 treatment received by YOU for emotional distress (which includes stress, or any other mental,

18 psychological or psychiatric condition), for a period of time commencing five (5) years before the

19 present up to and including the date YOUR response to these requests.

20 **DOCUMENT REQUEST NO. 51:**

21      All bills that support, refer, and/or relate to any treatment YOU received for emotional

22 distress (which includes stress or any mental, psychological or psychiatric condition), for a period

23 of time commencing five (5) years before the present up to and including the date YOUR

24 response to these requests.

25 **DOCUMENT REQUEST NO. 52:**

26      All DOCUMENTS that support, refer, and/or relate to any other lawsuits, administrative

27 charges, or any other complaints made by YOU, or made by others on YOUR behalf, related to

28

SECOND AMENDED DEPOSITION NOTICE OF PLAINTIFF KATE EVANS

# *Exhibit C*

*Exhibit C*

Andrew H. Lee, State Bar No. 257403
**LAW OFFICE OF ANDREW H. LEE**
2021 The Alameda, Suite 310
San Jose, California 95126
Telephone: (408) 216-9898
Facsimile: (408) 216-9451

Attorney for Plaintiff
Kate Evans

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE EVANS, | ) Case No.: 4:12-CV-04919-YGR |
| Plaintiff, | ) **PLAINTIFF KATE EVANS' RESPONSE TO** |
| vs. | ) **DEFENDANT'S REQUEST FOR** |
| | ) **PRODUCTION OF DOCUMENTS, SET ONE** |
| BAXTER HEALTHCARE CORPORATION, | ) |
| and DOES 1 through 50, Inclusive. | ) |
| Defendants. | ) |

PROPOUNDING PARTY:     Defendant BAXTER HEALTHCARE CORPORATION

RESPONDING PARTY:     Plaintiff KATE EVANS

SET NO.:     ONE

    Plaintiff Kate Evans responds to Defendant's Request for Production of Documents, Set One as follows:

## <u>GENERAL OBJECTIONS</u>

    1.    In responding to this Request for Production of Documents, Set One, Plaintiff reserves all objections relating to admissible evidence; to any and all objections based upon privacy, attorney-client privilege and/or attorney-work product doctrine; the right to introduce at

referring to other employment and is no way tied to the allegations and issues raised in this lawsuit. C.C.P. § 2017.00.

Objection. This request is grossly overbroad on its face, and does not reasonably relate to a legitimate discovery need, creating a reasonable inference of intent to harass and improperly burden the responding party. *See Obregon v. Sup. Ct.* (1998) 67 Cal. App. 4th 424, 431. Further, this request is oppressive and burdensome, in that compliance would be unreasonably difficult and expensive, as the request is unreasonably and grossly broad and vague in its request.

Objection. This request exceeds the permissible scope of discovery, i.e., it seeks information not relevant to the subject matter of the action.

Objection. This request exceeds the permissible scope of discovery, i.e. it is outside the relevant time period and there is no temporal limitation on this request. C.C.P. § 2035.010 et seq.

Subject to and without waiving the foregoing objections, responding party has made a diligent search and a reasonable inquiry in an effort to comply with this request. Based on current search and investigation, there are no documents in responding party's possession, custody, or control. Responding party reserves the right to provide additional documentation if, at a later date, such documentation becomes available.

**DEMAND NO. 48:**

All documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced.

**DEMAND NO. 49:**

All documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced.

///

///

**DEMAND NO. 50:**

Objection. This request seeks information that is irrelevant, and therefore not designed to lead to the discovery of admissible evidence. Specifically, it seeks any and all documents referring to medical treatment received (excluding medical records) and is no way tied to the allegations and issues raised in this lawsuit. C.C.P. § 2017.00.

Objection. This request is grossly overbroad on its face, and does not reasonably relate to a legitimate discovery need, creating a reasonable inference of intent to harass and improperly burden the responding party. *See Obregon v. Sup. Ct.* (1998) 67 Cal. App. 4th 424, 431. Further, this request is oppressive and burdensome, in that compliance would be unreasonably difficult and expensive, as the request is unreasonably and grossly broad and vague in its request.

Objection. This request is unduly burdensome and oppressive in that production would require responding party's counsel to review, analyze, catalogue, and produce thousands of pages of pleadings, court records, discovery responses, mediation and settlement briefs, and deposition testimony, all of which are equally available to the propounding party. It further requires the production of documents that are not under the control of the responding party or responding party's agents.

Objection. This request seeks information protected by attorney-client privilege, including notes documenting confidential communications, Evid. Code § 954, and the attorney-work product doctrine, including legal research, analysis, strategy discussions, time records, notes and correspondence, between counsel. C.C.P. § 2018.010 et seq.

Objection. This request seeks information protected by privilege, work product, or right of privacy. Right of privacy objection includes the right of privacy regarding the responding party's financial affairs. *See Doak v. Sup.Ct.* (1968) 257 CA2d 825, 827-828.

Subject to and without waiving the foregoing objections, all documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced.

1 **DEMAND NO. 51:**

2    All documents or things in this request that are in the possession, custody, or control of

3 the responding party and to which no objection is made, and which have not been previously

4 produced, will be produced.

5 **DEMAND NO. 52:**

6    Responding party has made a diligent search and a reasonable inquiry in an effort to

7 comply with this request. Based on current search and investigation, there are no documents in

8 responding party's possession, custody, or control. Responding party reserves the right to

9 provide additional documentation if, at a later date, such documentation becomes available.

10 **DEMAND NO. 53:**

11    Objection. This request seeks information that is irrelevant, and therefore not designed

12 to lead to the discovery of admissible evidence. Specifically, it seeks any and all documents

13 referring to claims made against other employers and is no way tied to the allegations and

14 issues raised in this lawsuit. C.C.P. § 2017.00.

15    Objection. This request is grossly overbroad on its face, and does not reasonably relate

16 to a legitimate discovery need, creating a reasonable inference of intent to harass and

17 improperly burden the responding party. *See Obregon v. Sup. Ct.* (1998) 67 Cal. App. 4th 424,

18 431. Further, this request is oppressive and burdensome, in that compliance would be

19 unreasonably difficult and expensive, as the request is unreasonably and grossly broad and

20 vague in its request.

21    Objection. This request seeks information protected by privilege, work product, or right of

22 privacy. Right of privacy objection includes the right of privacy regarding the responding party's

23 financial affairs. *See Doak v. Sup.Ct.* (1968) 257 CA2d 825, 827-828.

24    Objection. This request exceeds the permissible scope of discovery, i.e., it seeks

25 information not relevant to the subject matter of the action

26    Subject to and without waiving the foregoing objections, responding party has made a

27 diligent search and a reasonable inquiry in an effort to comply with this request. Based on

28 current search and investigation, there are no documents in responding party's possession,

pages of pleadings, court records, discovery responses, mediation and settlement briefs, and deposition testimony, all of which are equally available to the propounding party. It further requires the production of documents that are not under the control of the responding party or responding party's agents.

Objection. This request seeks information protected by attorney-client privilege, including notes documenting confidential communications, Evid. Code § 954, and the attorney-work product doctrine, including legal research, analysis, strategy discussions, time records, notes and correspondence, between counsel. C.C.P. § 2018.010 et seq.

Objection. This request seeks information protected by privilege, work product, or right of privacy. Right of privacy objection includes the right of privacy regarding the responding party's financial affairs. *See Doak v. Sup.Ct.* (1968) 257 CA2d 825, 827-828.

Objection. Requesting party is engaging in an improper "fishing trip" by placing more burden on the responding party to answer this information than the value of the information warrants. *See Greyhound Corp. v. Sup. Ct. (Clay)* (1961) 56 C2d 355, 384-385.

Subject to and without waiving said objections, all documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced.

DATED: February 26, 2013                              **LAW OFFICE OF ANDREW H. LEE**

                                        By: *Andrew H. Lee*
                                              Andrew H. Lee
                                              Attorney for Plaintiff

## VERIFICATION

I am a party to this action, and I have read the foregoing Response to Defendant's Request for Production, Set One, and know its contents.

The matters stated in the foregoing document are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that if called as a witness, I could and would competently testify to the same.

Executed on February 26, 2013, at San Jose, California.

Kate Evans

# PROOF OF SERVICE

I am employed in Santa Clara County, California; I am over the age of 18 years and not a party to the within action; my business address is 2021 The Alameda, Suite 310, San Jose, California, 95126.

On this date, I served the foregoing document described as:

**Plaintiff's Responses to Special Interrogatories and Request for Production of Documents; and Documents (EVANS 1242 – 1248)**

Said document was served on the interested party or parties in this action by placing a true copy thereof, enclosed in a sealed envelope, and addressed as noted below.

Andrew McNaught
Seyfarth Shaw LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105

I am familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Jose, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one working day after the date of deposit for mailing in this declaration.

XX      (By Mail) I deposited such envelope in the mail at San Jose, California. The envelope was mailed with postage fully prepaid.

(By Overnight Ground Delivery) I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

(By Facsimile) In addition to regular mail, I sent this document via facsimile, number(s) as listed on the attached mailing list.

(By Personal Service) Such envelope was delivered by hand to the above addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 26, 2013, at San Jose, California.

By:  _____
        Jeeae Kim

# Exhibit D

*Exhibit D*


## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(800) 884-1684 | Videophone for the DEAF (916) 226-5285
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Case Name:    EVANS/Baxter Healthcare Corporation

Case Number: _____

# AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS

I hereby authorize, _Dr. Alex R. Morales MD 408/358 - 7033 Tel_

(Name of Doctor/Address/Phone Number)

to discuss my medical, psychiatric, or other health information with any Consultant or
Staff Counsel of the Department of Fair Employment and Housing. You are authorized
to answer any question directed to you by the Consultant or Staff Counsel regarding my
condition, and to release appropriate information as identified by the Consultant or Staff
Counsel, for the purposes of investigating or litigating a Complaint of Discrimination filed
with the Department of Fair Employment and Housing by the undersigned.

_Address :_
_Pacific Behavioral_
_Group_
_2516 Samaritan_
_Dr_
_Ste G_
_San Jose,_
_Ca 95124_

In accordance with the Health Insurance Portability and Accountability Act (HIPAA), this
authorization:

1.    Shall become effective immediately and shall remain in effect from the date of
signature, while the matter is open with the Department of Fair Employment
and Housing, and until the matter before the Department of Fair Employment
and Housing has been closed,

2.    Is subject to written revocation by the undersigned at any time between now
and disclosure of information by the disclosing party; my written revocation
will become effective on receipt by the Department of Fair Employment and
Housing, _1515 Clay Street, Suite 701, Oakland, CA 94612_
(District Office Address) ,
except to the extent that the Requester or others have acted in good faith
reliance upon the authorization,

3.    Does not allow the Requester to lawfully further use or disclose the health
information specified other than for the stated purposes unless another
authorization is obtained from me or unless such use or disclosure is
specifically required or permitted by law.

Copies of this signed authorization will be considered as valid as the original.

Signature _____ Date _8|3|11_

Print Name _____KATE K. EVANS_____

Medical Record No. (If Applicable) _____

Birth Date _10/26/70_

| HEADQUARTERS | BAKERSFIELD | FRESNO | LOS ANGELES | OAKLAND | SAN JOSE |
|---|---|---|---|---|---|
| 2218 Kausen Drive<br>Suite 100<br>Elk Grove, CA 95758<br>(916) 478-7251 | 4800 Stockdale Highway<br>Suite 215<br>Bakersfield, CA 93309<br>(661) 395-2729 | 1277 E. Alluvial Avenue<br>Suite 101<br>Fresno, CA 93720<br>(559) 244-4760 | 1055 West 7th Street<br>Suite 1400<br>Los Angeles, CA 90017<br>(213) 439-6799 | 1515 Clay Street<br>Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 | 2570 N. First Street<br>Suite 480<br>San Jose, CA 95131<br>(408) 325-0344 |

DFEH-600-27 (02/07)



BAXTER 001008

# Exhibit E

*Exhibit E*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KATE EVANS,                          )
                                     )
             Plaintiff,              )       **CERTIFIED**
                                     )       **COPY**
vs.                                  )   No. 4:12-CV-04919-YGR
                                     )
BAXTER HEALTHCARE CORPORATION,       )
and DOES 1 through 50,               )
inclusive,                           )
                                     )
             Defendants.             )
                                     )
                                     )

VOLUME I

VIDEOTAPED DEPOSITION OF KATE EVANS

San Francisco, California

Tuesday, March 26, 2013

Reported by:  LANA L. LOPER, RMR, CRR, CCP,
              CME, CLR, CSR No. 9667
Pages 1 - 137

1

1 to?

2     A    E-mails.

3     Q    Do you recall which ones specifically?

4     A    Not specifically.

5     Q    Any others you can recall, any categories of

6 documents that you reviewed?

7     A    Performance.  Performance reviews.

8     Q    Your performance evaluations?

9     A    Yes.

10     Q    Are there any other documents you can recall

11 reviewing?

12     A    No, I don't remember.

13     Q    And when did you review the documents that you

14 just testified to?

15     A    I reviewed them when -- when you sent docs.  I

16 just don't remember exactly when, to respond to the

17 interrogatories.

18     Q    Okay.  Did you review the documents that you

19 just described to me more recently than that,

20 specifically to prepare for your testimony here today?

21     A    I did review some.

22     Q    And which were those?  Do you recall?

23     A    The e-mails, the performance reviews.  That's

24 about it.

25     Q    Ms. Evans, I'm going to hand you what we've

14

10:37 1 premarked as Exhibit 1 to the deposition.

2          (Defendants' Exhibit 1 was marked for

3          identification.)

4 BY MR. McNAUGHT:

10:37 5    Q   This is the second amended notice of deposition

6 compelling your attendance and testimony here today.  It

7 also has an attached document request.

8        Have you seen this particular document before,

9 Ms. Evans?

10:38 10    A   No.

11    Q   You haven't had an opportunity to review the

12 various document requests that are attached to this?

13      MR. LEE:  And just for the record, the document

14 requests that are attached to the notice of Ms. Evans'

10:38 15 deposition is duplicative of the same request for

16 documents that was previously sent and responded to.

17      THE WITNESS:  I have not seen this.  I've not

18 seen this.

19 BY MR. McNAUGHT:

10:38 20    Q   Do you recall seeing something that looked like

21 these document requests as part of another document, as

22 your counsel just alluded to, or requests for production

23 that were separately sent to your counsel?

24    A   I'm not sure.  If you can provide me with a copy

10:39 25 of the original requests, I can tell you if I've seen it.

15

| 11:15 | 1 | Are you currently employed right now? |
| | 2 | A   I'm currently not employed. |
| | 3 | Q   Do you suffer from any medical condition that |
| | 4 | you believe would preclude you from being employed full |
| 11:15 | 5 | time? |
| | 6 | For the record, that's a yes-or-no question. |
| | 7 | I'm not asking her to identify any particular |
| | 8 | condition.  It's a yes-or-no question.  So I don't think |
| | 9 | there's any privacy that attaches to it but... |
| 11:15 | 10 | MR. LEE:  You can answer yes or no. |
| | 11 | THE WITNESS:  What is your question again? |
| | 12 | MR. McNAUGHT:  Can you read the question back? |
| | 13 | (The question was read as follows:) |
| | 14 | "Q   Do you suffer from any medical |
| 11:15 | 15 | condition that you believe would |
| | 16 | preclude you from being employed full |
| | 17 | time?" |
| | 18 | THE WITNESS:  Yes. |
| | 19 | BY MR. McNAUGHT: |
| 11:16 | 20 | Q   And will you identify the medical condition for |
| | 21 | me? |
| | 22 | I suspect -- |
| | 23 | A   Nope. |
| | 24 | Q   -- your counsel may be objecting.  I need to put |
| 11:16 | 25 | it on the record. |

37

```
1  STATE OF CALIFORNIA      )
                            ss:
2  COUNTY OF SAN FRANCISCO  )

3

4      I, LANA L. LOPER, RMR, CCP, CME, CLR, CSR No. 9667,

5  do hereby certify:

6

7      That the foregoing deposition of KATE EVANS was

8  taken before me at the time and place therein set forth,

9  at which time the witness was placed under oath and was

10 sworn by me to tell the truth, the whole truth, and

11 nothing but the truth;

12     That the testimony of the witness and all objections

13 made by counsel at the time of the examination were

14 recorded stenographically by me, and were thereafter

15 transcribed under my direction and supervision, and that

16 the foregoing pages contain a full, true and accurate

17 record of all proceedings and testimony to the best of my

18 skill and ability.

19     I further certify that I am neither related to

20 counsel for any party to said action, nor am I related to

21 any party to said action, nor am I in any way interested

22 in the outcome thereof.

23

24

25
```

136

1      IN WITNESS WHEREOF, I have subscribed my name

2 this 2nd day of April, 2013.

3

4    _____

5 LANA L. LOPER, RMR, CRR, CCP, CME, CTR, CSR 9667

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

137