United States District Court
Northern District of California

KATE EVANS,

        Plaintiff,

    v.

BAXTER HEALTHCARE CORPORATION,

        Defendant.

Case No.: CV 12-04919-WHO (KAW)

ORDER REGARDING 6/25/13 JOINT DISCOVERY LETTER

Before the Court is the joint discovery letter filed on June 25, 2013. ("Joint Letter," Dkt. No. 28). At issue is whether Plaintiff has put her medical and mental state at issue to waive any right to privacy associated with her medical and psychological records.

Upon review of the joint letter, the Court finds this matter suitable for resolution without further briefing and without oral argument pursuant to Civil Local Rule 7-1(b), and orders Plaintiff to produce all of her medical and psychological records from October 2008 to present, in full and without any redaction, subject to the protective order currently in effect.

## I.    BACKGROUND

On or about October 6, 2008, Plaintiff Kate Evans became a full-time, permanent employee at Defendant Baxter Healthcare Corporation ("Baxter") as a Senior Staffing Consultant. (Compl., Dkt. No. 1, Ex. A., ¶10.) Thereafter, Plaintiff alleges that she attended several "closed-door" meetings with management regarding personnel decisions, during which several inappropriate and offensive comments were made and adverse personnel actions were taken relating to race, sexual orientation, gender, and age. (Compl., ¶¶ 12-13.) Beginning in or about August 2010 through January 2011, Plaintiff made her concerns known to management-level employees, and also expressed her concern regarding her own discriminatory treatment. (Compl., ¶ 16.) In or about September 2010, Plaintiff was diagnosed with severe emotional distress,

allegedly as the result of Defendant's discriminatory actions and hostile work environment. (Compl., ¶ 17.)  Plaintiff was subsequently placed on medical leave, but "returned to work early for fear of being replaced because she feared being replaced. *Id.*  On January 10, 2011, Plaintiff advised that she wished to initiate a formal complaint regarding the ongoing inappropriate, offensive, and discriminatory actions directed against Plaintiff, other current employees, and potential applicants. (Compl., ¶ 19.)  On January 11, 2011, Plaintiff left work early due to her disability, and her employment was terminated on January 12, 2011 due to a "reduction in force." (Compl., ¶¶ 22-23.)

On August 14, 2012, Plaintiff filed an employment discrimination suit against Defendant alleging 12 causes of action, including disability discrimination, failure to engage in the interactive process, intentional infliction of emotional distress, and negligent infliction of emotional distress.

On January 7, 2013, Defendant propounded its Request for Production of Documents—Set One.  (Dkt. No. 28, Ex. A.) Request Nos. 48, 49, and 51 sought Plaintiff's medical records and bills relating to "any treatment [] received for emotional stress" for the preceding five years. *Id.*  On February 26, 2013, Plaintiff responded to those requests by promising to produce the medical records, and did so without objection on any basis, including privacy. (Dkt. No. 28, Ex. C.)  To date, Plaintiff has not produced the documents.

On March 4 and 5, 2013, Baxter subpoenaed Plaintiff's medical and psychological records from Dr. Alex Morales (psychiatrist) and Dr. Raul Garcia (San Jose Gastroenterology). (Joint Letter, at 2.)  Plaintiff's counsel called both doctors and wrote them letters directing them not to produce the records, but did not file a motion to quash or modify the subpoenas. *Id.*  Neither doctor objected to the subpoenas. *Id.*  To date, neither doctor has produced their records. *Id.*

On April 10, 2013, the parties filed their first joint letter regarding the production of Plaintiff's medical records. (Dkt. No. 20.)  On April 11, 2013, the parties agreed to a stipulated protective order. (Dkt. No. 21.)  On April 16, 2013, this Court issued an order regarding the April 10 joint letter, providing that it "appears that the disputes regarding Plaintiff's refusal to produce her medical and psychological records on privacy grounds may and should be resolved by the

1  proposed stipulated protective order that was filed on April 11, 2013." (Dkt. No. 25.)  The Court
2  then instructed the parties to meet and confer, and, should those efforts fail to resolve all issues of
3  contention, to file a subsequent joint letter to "specifically address the effect of the proposed
4  stipulated protective order on the remaining dispute(s)." *Id.*

5  The parties subsequently met and conferred, but unfortunately could not resolve this
6  dispute without court intervention, and filed the instant joint letter on June 25, 2013. (Dkt. No.
7  28.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(a)(1)(c), a nonparty to a civil suit, such as a mental health practitioner or primary care physician, can be subpoenaed for documents relevant to the suit.  Under Federal Rule of Civil Procedure 26(b)(1), documents are discoverable if they are not privileged and "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence."

A court may quash an otherwise relevant subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).  Failure of the Plaintiff to file a motion to quash or seek a protective order constitutes a waiver.  In addition, nonparty witnesses may prevent disclosure by serving the subpoenaing attorney with a written objection within 14 days after the subpoena is served. Fed. R. Civ. P. 45(c)(2)(B).  As the party resisting discovery, the burden is on Plaintiff to demonstrate discovery should not be permitted. Fed.R.Civ.P. 26(b).

Federal Rule of Evidence 501 states that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  In California, when a plaintiff seeks recovery for mental injuries, that plaintiff "unquestionably waive[s] their physician-patient and psychotherapist-patient privileges as to all information concerning the medical conditions which they have put in issue." *Britt v. Superior Court,* 20 Cal.3d 844, 849, 143 Cal.Rptr. 695, 574 P.2d 766 (1978). This waiver of privacy rights to mental health records requires "asserting more than a garden-variety claim of emotional distress." *Turner v. Imperial Stores,* 161 F.R.D. 89, 97 (S.D. Cal. 1995); *Fitzgerald v. Cassil,* 216 F.R.D. 632, 633, 639 (N.D.

Cal. 2003) (no waiver of privacy when plaintiff did not allege "cause of action for intentional or negligent infliction of emotional distress" or "specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations").

Plaintiff's claims of continuing "to experience extreme emotional distress," which "raise[d] the possibility that her reaction exceeds the suffering and loss an ordinary person would likely experience in similar circumstances" constitutes more than a garden-variety emotional distress claim. *Verma v. American Express,* 2009 WL 1468720 at *2 (N.D. Cal. 2009).

### III. DISCUSSION

**A. Waiver of Privacy Rights**

On January 7, 2013, Defendant propounded its "Request for Production of Documents and/or Tangible Things to Plaintiff - Set One." (Dkt. No. 27, Ex. A.) Document Request Nos. 48, 49, and 51 are as follows:

> REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:
> All DOCUMENTS comprising or pertaining to all medical records relating to any physical or emotional injury YOU allege YOU experienced as a result of the conduct alleged in the COMPLAINT.
>
> REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:
> All medical records that support, refer, and/or relate to any treatment received by YOU for emotional distress (which includes stress, or any other mental, psychological or psychiatric condition), for a period of time commencing five (5) years before the present up to and including the date YOUR response to these requests.
>
> REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:
> All bills that support, refer, and/or relate to any treatment YOU received for emotional distress (which includes stress or any mental, psychological or psychiatric condition), for a period of time commencing five (5) years before the present up to and including the date YOUR response to these requests.

(Dkt. No. 27, Ex. A., at 12.) Plaintiff responded identically to each request, without objection, stating that "All documents or things in this request that are in the possession, custody, or control of the responding party and to which no objection is made, and which have not been previously produced, will be produced." (Dkt. No. 27, Ex. C.) As there is no specific objection raised in

response to these requests, Plaintiff waived her privacy rights as to those documents within her possession or control.

In addition, Plaintiff's failure to file a motion to quash the nonparty subpoenas resulted in a waiver of her privacy rights. Instead, she improperly instructed her treating physicians, who did not themselves object, to not comply with the subpoenas.

Plaintiff has waived her privacy rights relative to the Requests for Production of Documents and the subpoenas, and Plaintiff shall produce, in full and without redaction, all of her medical and psychological records from October 2008, when she entered Defendant's employ, to present.

### B. Plaintiff has put her mental and physical health at issue

Even if Plaintiff had not waived her privacy rights by failing to object to Defendant's requests for production, she has put her mental and medical condition at issue in this litigation. Plaintiff's complaint alleges that Defendant caused her "severe emotional distress" disability, and then terminated her based on her disability. (Compl., ¶¶ 17, 33.) As a result, Plaintiff claims that she has "suffered severe emotional distress which as caused her to sustain severe, serious and permanent injuries to her person." (*Id.* at ¶¶ 110, 116.) At Plaintiff's March 26, 2013 deposition, she stated that her medical condition precluded her from full-time employment, but she refused to specifically identify her medical condition. (Deposition Transcript, Dkt. No. 28, Ex. E, at 37:14-23.) As Defendant asserts, her medical and mental condition is both relevant to determining liability as Plaintiff alleges that Defendant caused her disability, and to her damages, as they are also "directly relevant to the issue of whether she has adequately mitigated her economic damages." (Joint Letter, at 4-5.)

Plaintiff does not object to producing medical records, but seeks to make her production "subject to redaction of non-relevant and immaterial records." (Joint Letter, at 6.) As a compromise, Plaintiff seeks to have this Court conduct an *in camera* review to "determine whether some or all of Plaintiff's subject medical records are required to be disclosed." (Joint Letter, at 8.) Plaintiff cites *Doe v. City of Chula Vista* to support this request for *in camera review.* 196 F.R.D. 562 (S.D. Cal. 1999). Unlike the instant action, *City of Chula Vista* involved

a garden variety emotional distress claim, as the emotional distress damages were limited "to that 'generic' harm suffered by one asked to submit to a psychiatric evaluation to keep a job." 196 F.R.D. at 563.  In addition, the instant action already has a stipulated protective order in effect to ensure the confidentiality of Plaintiff's medical and psychological records.  For that reason, the Court declines to review Plaintiff's records *in camera* prior to their production to Defendant.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff shall produce all medical and psychological records in her possession or control from October 2008 to present.  This shall include all medical records in the possession of Drs. Morales and Garcia, which Plaintiff shall direct to be released, in full and without redaction, for the limited purposes of this litigation pursuant to the stipulated protective order currently in effect.

IT IS SO ORDERED.

DATE: July 17, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge