SEYFARTH SHAW LLP
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Michael A. Wahlander (SBN 260781)
mwahlander@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California  94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
BAXTER HEALTHCARE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>BAXTER HEALTHCARE CORPORATION, and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No.  4:12-CV-04919-WHO<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO ALLOW DEFENDANT BAXTER HEALTHCARE CORPORATION TO TAKE THE DEPOSITION OF DR. ALEX MORALES AFTER THE NON-EXPERT DISCOVERY CUTOFF** |

Plaintiff Kate Evans and Defendant Baxter Healthcare Corporation (hereinafter "the Parties"), by and through their respective counsel, hereby stipulate and agree as follows:

1. Since January 2013, Defendant sought a release from Plaintiff for the records of Dr. Alex Morales regarding treatment he provided to Plaintiff.  Also in January 2013, Defendant formally requested these documents from Plaintiff in its Request for Production of Documents.  Plaintiff did not produce these documents in response to Defendant's request.  In February 2013, in response to Defendant's interrogatories, Plaintiff also disclosed Dr. Morales as a treating physician for her emotional distress injuries allegedly caused by Defendant.

2. In March 2013, Defendant issued a subpoena for these documents, but Plaintiff instructed Dr. Morales's office not to provide them to Defendant, asserting privacy rights.

3. The parties submitted two joint-discovery letters to the Court regarding the

1  production of Dr. Morales's records.  The first letter was submitted in April 2013 to Judge
2  Gonzalez-Rogers, and the Court ordered the parties to meet and confer regarding the production
3  of Dr. Morales's records, and referred the issue to Magistrate Westmore.  By late June 2013,
4  after extensive meet and confer efforts, the Parties could not come to an agreement with respect
5  to the production of Dr. Morales's records.  Accordingly, they submitted the issue to Magistrate
6  Westmore in a second joint-discovery letter on June 25, 2013.  In the interim, Defendant issued a
7  subpoena for the deposition of Dr. Morales to occur on July 22, 2013.

8        4.      On July 17, 2013, the Court issued an order directing Plaintiff to produce all of
9  Dr. Morales's records in her possession and to direct Dr. Morales's office to release Plaintiff's
10 records to Defendant.  Plaintiff produced the records of Dr. Morales that she had in her
11 possession by mail on July 22, 2013.  Because Defendant did not gain access to Dr. Morales's
12 records in response to its subpoena until July 29, 2013 and having consulted with Dr. Morales
13 with respect to his availability, Defendant reissued a subpoena for Dr. Morales's deposition to
14 occur on August 14, 2013.  Defendant could not reasonably take Dr. Morales's deposition until it
15 had his records.

16       5.      On August 1, 2013, Dr. Morales notified Defendant's counsel that he was no
17 longer available on August 14, 2013 because he was out of town that week and offered August 7,
18 2013 as an alternate date.  Plaintiff's counsel is not available on August 7, 2013 due to a
19 deposition in another matter.

20       6.      The non-expert discovery cutoff in this matter is August 16, 2013.  Accordingly,
21 given the recent developments in the schedules of Dr. Morales and Plaintiff's counsel, Defendant
22 will not be able to take Dr. Morales's deposition by August 16, 2013.

23       7.      Defendant has been diligent in seeking Dr. Morales's records and in attempting to
24 obtain his deposition testimony.  Since obtaining Dr. Morales's testimony regarding the care he
25 provided to Plaintiff is critical to Defendant's ability to marshal a defense in this matter,
26 Defendant will be prejudiced if it is unable to take the deposition of Dr. Morales.  The Parties
27 further wish to avoid the expense and potential disruption to Dr. Morales's provision of care to
28

his patients that could be caused by engaging in motion practice to enforce the subpoena. The Parties also wish to avoid the additional expense of formal motion practice to allow Defendant to take Dr. Morales's deposition after August 16, 2013.

8. Accordingly, the Parties agree that Defendant shall be allowed an additional 21 days beyond the August 16, 2013 non-expert discovery deadline only to obtain the deposition testimony of Dr. Morales. Allowing this single deposition to occur will not disrupt the rest of the scheduled deadlines in this case set forth in the Case Management Order filed on January 25, 2013. (ECF No. 17.)

9. Accordingly, under Federal Rule of Civil Procedure 16(b)(4), good cause exists to allow Defendant to take Dr. Morales's deposition after August 16, 2013 because Defendant has been diligent in pursuing Dr. Morales's records and deposition testimony, the extension will avoid undue prejudice to Defendant, and the extension will avoid unnecessary legal expenses and potentially disrupting patient care.

**IT IS SO STIPULATED.**

DATED: August 6, 2013                          SEYFARTH SHAW LLP


By:    /s/ *Michael A. Wahlander*
       Andrew M. McNaught
       Michael A. Wahlander
       Attorneys for Defendant
       BAXTER HEALTHCARE CORPORATION


DATED: August 6, 2013                          LAW OFFICES OF ANDREW H. LEE


By:    /s/ *Andrew H. Lee*
       Andrew H. Lee
       Attorney for Plaintiff
       KATE EVANS

3

# [PROPOSED] ORDER

As stipulated by the Parties, the Court GRANTS Defendant an additional 21 days after the August 16, 2013, non-expert discovery deadline to complete the deposition of Dr. Alex Morales. Defendant shall complete the deposition of Dr. Morales by September 6, 2013.

**IT IS SO ORDERED.**

Dated: August 12, 2013

_____
WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

15968550v.1

4

JOINT STIPULATION AND [PROPOSED] ORDER TO PERMIT DEFENDANT TO TAKE THE DEPOSITION OF DR. ALEX MORALES AFTER THE NON-EXPERT DISCOVERY CUT-OFF / CASE NO. 4:12-CV-04919-WHO